UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAN P. HOLICK, JR., STEVEN MOFFITT
JUSTIN MOFFITT, GURWINDER SINGH
and JASON MACK,

                               Plaintiffs, on behalf
                               of themselves and
                               all others similarly
                               situated,

        -against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                               Defendants.

**COLLECTIVE AND CLASS
ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

Case No.: 1:12-CV-584
      (NAM/DRH)

---

      Plaintiffs JAN P. HOLICK, JR., STEVEN MOFFITT, JUSTIN MOFFITT,

GURWINDER SINGH and JASON MACK by and through their attorneys, Gleason, Dunn,

Walsh & O'Shea, complaining of Defendants as follows:

## INTRODUCTION

      1. This case arises out of the Defendants' systemic, New York-wide misclassification

of the named Plaintiffs and hundreds of similarly situated individuals as independent

contractors. Defendants employed the named Plaintiffs and other similarly situated

individuals as Sales Representatives in the retail sale of Verizon Wireless products and

services to customers in Defendants' retail stores in New York State. Defendants exerted

significant and substantial control over the performance of the Sales Representatives' duties,

and the "economic reality" is that Sales Representatives are an integral component of

Defendants' business and are economically dependent on their earned wages as Sales

Representatives. The named Plaintiffs and other similarly situated individuals were therefore "employees" of the Defendants under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law (the "Labor Law"), Article 6, § 190 *et seq.*, and Article 19, § 650 *et seq.*

2. Due to their misclassification as independent contractors, in certain workweeks the named Plaintiffs and other similarly situated individuals were denied their overtime compensation, and in some workweeks their minimum wage, guaranteed under the FLSA and the Labor Law. Additionally, Defendants made wage deductions from the pay of named Plaintiffs' and other similarly situated individuals' pay in violation of the Labor Law.

3. Due to the misclassification as independent contractors of the named Plaintiffs and other similarly situated individuals, Defendants shifted their Federal payroll tax burden for Sales Representatives' earnings onto each Sales Representative, requiring Sales Representatives to pay payroll taxes as though they were self-employed. As such, Defendants were unjustly enriched in violation of the New York State common law

4. Plaintiffs bring this action for the violation of the FLSA as a collective action, pursuant to 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All Sales Representatives who were, are, or will be employed by Defendants within the State of New York during the period of three years prior to the date of commencement of this action through the date of judgment in this action, who were misclassified as independent contractors by Defendants and were deprived of their minimum wage and/or were not paid time and one-half for hours worked in excess of forty (40) in any workweek.

(the "FLSA Class")

5. Accordingly, Defendants are liable under the FLSA for their failure to pay the named Plaintiffs and members of the FLSA: (a) the minimum wage for all hours worked; and

(b) time and one half of their regular wage for hours worked in excess of forty (40) in any workweek. The named Plaintiffs and all other similarly situated employees who elect to participate in the FLSA Class seek their unpaid compensation, an equal amount of liquidated damages, and/or prejudgment interest, punitive damages, and costs, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

6. The named Plaintiffs also bring this action on their own behalf and as representatives of similarly situated current or former Sales Representatives employed by Defendants in New York State for violations of the Labor Law. Under the Labor Law, Plaintiffs are entitled to all unpaid minimum wage and overtime compensation and the amount of the unauthorized deductions from their wages, an equal amount of liquidated damages, the amount of Defendants' Federal payroll taxes that Defendants unjustly retained by misclassifying Sales Representatives as independent contractors, and punitive damages for Defendants' failure to pay its New York employees for all hours worked as required to by law pursuant to Labor Law §§ 198-a and 663.

7. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following classes of Defendants' employees for violations of New York State law:

> All Sales Representatives who were, are or will be employed by Defendants in the State of New York from six years prior to the date of commencement of this action through the date of judgment in this action, who were improperly misclassified as independent contractors and deprived of their minimum wage, were not paid time and one-half for hours worked in excess of forty (40) hours in any workweek, had unauthorized deductions withheld from their wages, and/or were improperly required to pay Defendants' payroll tax burden on their wages.

(the "Rule 23 Class").

## JURISDICTION AND VENUE

8. The jurisdiction of this court over the FLSA claims asserted in this Complaint by Plaintiffs and the prospective FLSA Class is invoked pursuant to 28 USC § 1331 and 29 U.S.C. § 216(b).

9. The jurisdiction of this court over the state law claims asserted by Plaintiffs and the prospective Rule 23 Class is invoked pursuant to the doctrine of supplemental jurisdiction, as provided by 28 U.S.C. (s) 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because: (a) Cellular Sales of New York has an office and place of business located in this judicial district in that it has designated its principal executive offices at a location within this District; (b) CSOKI regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district; and/or (c) a substantial part of the events or omissions giving rise to the claims asserted occurred within this judicial district.

11. A jury trial is demanded by the named Plaintiffs in this action.

### PARTIES

12. Plaintiffs are former employees of Defendants who performed as Sales Representatives primarily at Defendants' retail store locations within New York, including Malta, Queensbury, Rochester, Poughkeepsie, Kingston, Middleburg, Newburgh, and Syracuse. Plaintiffs bring this action on their own behalf, and pursuant to 29 U.S.C. § 216(b) and Rule 23(b)(3), Fed. R. Civ. P., as representatives of a proposed class collective/class action of similarly situated employees within New York State. Plaintiffs' written consents to join this action are attached as **Exhibit A.**

4

13.    At all relevant times, Plaintiffs were residents and citizens of the State of New York.

14.    At all relevant times, Plaintiffs were employed by Defendants as Sales Representatives, and were employees within the meaning of 29 U.S.C. § 203(e)(1) and Labor Law §§ 190(2) and 651(5).

15.    At all relevant times Defendant Cellular Sales of New York, LLC ("Cellular Sales of New York") has been a New York limited liability corporation with offices in New York, conducting substantial business in the State of New York on behalf of, or in conjunction with, Defendant Cellular Sales of Knoxville, Inc., and having its principal executive offices in Fayetteville, New York and a business address in Knoxville, Tennessee.

16.    At all relevant times, Cellular Sales of New York was an employer within the meaning of 29 U.S.C. § 203(d) and within the meaning of Labor Law §§ 190(3) and 651(6).

17.    At all relevant times, Defendant Cellular Sales of Knoxville, Inc. ("CSOKI") has been a Tennessee business corporation with offices in Tennessee and/or New York and conducting substantial business in the State of New York through or in conjunction with Cellular Sales of New York.

18.    At all relevant times, CSOKI was an employer within the meaning of 29 U.S.C. § 203(d) and within the meaning of Labor Law §§ 190(3) and 651(6).

19.    Defendants are in the business of operating retail stores located in New York and others states selling exclusive Verizon Wireless products and services, such as smartphones, service plans, and accessories, out of retail stores at fixed locations owned or leased by the Defendants.

20.     On information and belief, Defendants have operated retail stores within New York State since 2009.

21.     At all relevant times, CSOKI has been the parent company of Cellular Sales of New York.

22.     At all relevant times, individuals who regularly identified themselves as working on behalf of both Defendants supervised and controlled Plaintiffs' and the prospective FLSA/Rule 23 Class members' performance as Sales Representatives at Defendants' retail stores located within New York.

23.     Defendants share a business address at 6513 Kingston Pike, Knoxville, Tennessee 37919-4849.

24.     At all relevant times, Defendants were joint employers within the meaning of 29 C.F.R. § 791.2(a).

25.     At all relevant times, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

26.     At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Class members were employees engaged in commerce or in the production of goods in commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

**A.     Terms and Conditions of Worked Performed by Sales Representatives**

*i.      Sales Representatives' Duties*

27.     At all relevant times, Plaintiffs' and the prospective FLSA/Rule 23 Class members' primary duties as Sales Representatives for Defendants encompassed the marketing

and selling of Verizon Wireless products and services to customers of the Defendants at Defendants' retail store locations in New York State.

28.     At all relevant times, Plaintiffs' and the prospective FLSA/Rule 23 Class members' duties as Sales Representatives for Defendants included maintaining the cleanliness and tidiness of the retail store locations. This included cleaning bathrooms, mopping floors, dusting displays, and other tasks to maintain a clean and orderly retail environment for the Defendants' customers.

29.     At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Class members performed their primary sales duties as Sales Representatives within the Defendants' retail store locations.

ii.     *Defendants' Control over Sales Representatives' Performance and the "Economic Reality" of the Business Relationship between Sales Representatives and Defendants*

30.     As a condition of working as a Sales Representatives, Plaintiffs and the prospective FLSA/Rule 23 Class members were required to incorporate as limited liability companies and enter into contracts called "Non-Exclusive Independent Sales Agreements" and "Member Indemnification Agreements."

31.     On information and belief, the Defendants purport that Plaintiffs and the prospective FLSA/Rule 23 Class members performed as independent contractors of the Defendants, even though the Defendants exerted significant and substantial control over Plaintiffs' and the prospective FLSA/Rule 23 Class members' performance as Sales Representatives

32.     On information and belief, Defendants purport that Plaintiffs and the prospective FLSA/Rule 23 Class members performed as independent contractors of the Defendants, even though the "economic reality" is that Sales Representatives engaged by Defendants were an essential part of the Defendants' business and Sales Representatives economically depended on their wages paid by Defendants

33.     At all relevant times, Defendants established and provided work schedules to Plaintiffs and the prospective FLSA/Rule 23 Class members.

34.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to devote a minimum number of hours per day and/or week to perform their duties as a Sales Representative.

35.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to work from Defendants' fixed retail store locations in New York and generally did not require Plaintiffs and the prospective FLSA/Rule 23 Class members to pay for the use of the Defendants' retail store locations, equipment, staff or supplies.

36.     At all relevant times, Defendants provided Plaintiffs and the prospective FLSA/Rule 23 Class members sales forms and promotional materials at no charge to them to perform as a Sales Representative.

37.     Defendants mandated that Plaintiffs and the prospective FLSA/Rule 23 Class members attend formal, classroom type training at Defendants' facilities that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

38.     At all relevant times, Defendants established product and service prices for the Verizon Wireless products and services Plaintiffs and the prospective FLSA/Rule 23 Class

members sold as Sales Representatives, and Plaintiffs and the prospective FLSA/Rule 23 Class members could not alter the price without the Defendants' approval.

39.     At all relevant times, sales made by Plaintiffs and the prospective FLSA/Rule 23 Class members as Sales Representatives for Defendants were subject to Defendants' approval.

40.     At all relevant times, as Sales Representatives, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to submit daily written sales reports to Defendants that contained customer contacts, description of results and the number and types of products and services sold by Plaintiffs and the prospective FLSA/Rule 23 Class members that day. These reports were used by Defendants to evaluate Plaintiffs' and the prospective FLSA/Rule 23 Class members' performance and productivity and also for administrative purposes such as billing and determining commission payments.

41.     At all relevant times, if Plaintiffs and the prospective FLSA/Rule 23 Class members failed to submit required written reports or perform other directives by the Defendants regarding recordkeeping and/or other tasks, they could be locked out from the Defendant's computer system and unable to earn commissions during times they were scheduled to perform as Sale Representatives.

42.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to report to one or more supervisors employed by Defendants.

43.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to attend monthly meetings with their supervisor(s) that covered new product information, product prices and productivity.

9

44.     At all relevant times, Defendants established Plaintiffs' and the prospective FLSA/Rule 23 Class members' commission rates for products and services sold as Sales Representatives.

45.     Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to follow specific sales methods as Sales Representatives.

46.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to purchase premium clothes as part of the uniform Defendants required of Sales Representatives and wear them pursuant to the Defendants' policy regarding the appropriate attire for the performance of the duties of Sales Representatives (the "Dress Code Policy").

47.     At all relevant times, if Plaintiffs and the prospective FLSA/Rule 23 Class members did not wear premium clothes while performing as Sales Representatives and complied with the Dress Code Policy, they could be sent away by the Defendants from the retail store location they were scheduled to work.

48.     At all relevant times, Defendants, not Plaintiffs and the prospective FLSA/Rule 23 Class members, were responsible for contact with uncollectible customer accounts arising from Plaintiffs' and the prospective FLSA/Rule 23 Class members' sales as Sales Representatives.

49.     At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Class members did not have a substantial investment in the retail store locations used in connection with their performance as Sales Representatives for Defendants.

50.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to provide to Defendants' customers who presented themselves

at the Defendants' retail store locations in New York business cards that represented to the customers that the Plaintiffs and the prospective FLSA/Rule 23 Class members performed their duties as Sales Representatives on behalf of the Defendants.

51.     At all relevant times, Defendants required Plaintiffs and the prospective FLSA/Rule 23 Class members to provide to Defendants' customers "Thank You" cards during and/or following the Holiday sales season that represented to the customers that Plaintiffs and the prospective FLSA/Rule 23 Class members performed their duties as Sales Representatives on behalf of the Defendants.

52.     Plaintiffs and the prospective FLSA/Rule 23 Class members have had continuing, non-sporadic working relationships with Defendants in their performances as Sales Representatives.

53.     At all relevant times, Plaintiffs and the prospective FLSA/Rule 23 Class members were required to personally perform sales functions on behalf of Defendants

54.     At all relevant times, as Sales Representatives, Plaintiffs and the prospective FLSA/Rule 23 Class members were an essential part of the Defendants' business of selling Verizon Wireless products and services within New York State.

55.     At all relevant times, while working as Sales Representatives for Defendants, Plaintiffs and the prospective FLSA/Rule 23 Class members were economically dependent on their earnings as Sales Representatives.

56.     At all relevant times, as Sales Representatives, Plaintiffs and the prospective FLSA/Rule 23 Class members were "employees" of Defendants within the meaning of the FLSA and/or the Labor Law.

57.    At all relevant times, Defendants misclassified Plaintiffs and the prospective FLSA/Rule 23 Class members as independent contractors of Cellular Sales of New York contrary to the requirements of the FLSA and/or the Labor Law.

iii.    *Unpaid Compensation to Sales Representatives*

58.    To perform the duties of a Sales Representative, Plaintiffs and the prospective FLSA/Rule 23 Class members were routinely required to work more than eight (8) hours a day and forty (40) hours per week.

59.    At all relevant times, Defendants paid Plaintiffs and the prospective FLSA/Rule 23 Class members for their services as Sales Representatives pursuant to an unlawful commission-based compensation plan (the "Commission Compensation Plan").

60.    On information and belief, Plaintiffs' and the prospective FLSA/Rule 23 Class members' regular rate of compensation under the Commission Compensation Plan for their performance of duties as a Sales Representative in a workweek was routinely below one and one-half times the applicable minimum wage under the FLSA and the Labor Law.

61.    One information and belief, Plaintiffs' and the prospective FLSA/Rule 23 Class members' regular rate of compensation under the Commission Compensation Plan for their performance of duties as Sales Representatives during certain workweeks was below the applicable minimum wage under the FLSA and the Labor Law.

iv.    *Defendants' Wage Deductions from Sales Representatives' Pay*

62.    Pursuant to Defendants' policy of making wage deductions from Sales Representatives' compensation, Defendants made deductions from Plaintiffs' and the prospective FLSA/Rule 23 Class members' earned wages for: (1) the use of Verizon Wireless cellular devices known as "demonstration lines" that familiarized Sales Representatives with

the devices they were selling on behalf of the Defendants; (2) missing, stolen, or broken Verizon Wireless cellular devices and accessories that arose from when Plaintiffs the prospective FLSA/Rule 23 Class members were on duty as Sales Representatives at a retail store of Defendants; and (3) business cards in the name of Plaintiffs and the prospective FLSA/Rule 23 Class members (the "Wage Deduction Policy").

63.     The Wage Deduction Policy resulted in unauthorized deductions from the named Plaintiffs' and the prospective FLSA/Rule 23 Class members' earned wages in violation of the Labor Law.

64.     On information and belief, the Wage Deduction Policy in conjunction with the Commission Compensation Plan resulted in Plaintiffs and the prospective FLSA/Rule 23 Class members not being paid in certain workweeks their guaranteed minimum wage and/or overtime compensation under the FLSA and/or the Labor Law.

   v.     *Defendants' Unjust Enrichment By Shifting Defendants' Federal Payroll Tax Burden to Sales Representatives*

65.     Defendants' policy of misclassifying Sales Representatives as independent contractors resulted in Plaintiffs and the prospective FLSA/Rule 23 Class members paying the Defendants' share of Federal payroll taxes for Social Security and Medicare on Plaintiffs' and the prospective FLSA/Rule 23 Class members wages, 6.2% and 1.45% respectively, as though Plaintiffs and the FLSA/Rule 23 Classes were self-employed.

   vi.    *Defendants' Knowledge of Misclassification and Unpaid Compensation*

66.     At all relevant times, Defendants knew or should have known that they had misclassified Plaintiffs' and the prospective FLSA/Rule 23 Class members' work as Sales Representatives based upon: (1) Defendant's pervasive control over the terms and conditions

of Plaintiffs' and the prospective FLSA/Rule 23 Class members performance as Sales Representatives; and/or (2) the complaints by Sales Representatives to Defendants regarding their classification as independent contractors.

67.     At all relevant times, Defendants knew or should have known that they failed to compensate Plaintiffs and the prospective FLSA/Rule 23 Class members' for hours worked over forty (40) hours in any workweek and for hours worked at minimum wage based on: (1) the hours and wage records for Sales Representatives Defendants under Federal and New York State law should have possessed, maintained, and/or controlled evidencing the hours worked by Plaintiffs and the prospective FLSA/Rule 23 Class members; and/or (2) the complaints by Sales Representatives to Defendants that they were not being paid overtime, and on information and belief their minimum wage, for their work on behalf of Defendants

**B.     Plaintiff Jan P. Holick, Jr.**

68.     Plaintiff Jan P. Holick, Jr. ("Plaintiff Holick") worked for Defendants as a Sales Representative from June 29, 2010 until he was terminated on or about March 28, 2011.

69.     On information and belief, Plaintiff Holick was terminated as a Sales Representative of the Defendants because he had purportedly arrived late multiple times to his scheduled shifts as a Sales Representative.

70.     By decision dated March 22, 2012, the New York State Unemployment Insurance Board determined that Cellular Sales of New York "exercised a sufficient level of supervision, direction and control over" Plaintiff Holick's "activities" as a Sales Representative "to establish an employer-employee relationship." Attached as **Exhibit B** is a true and accurate copy of the March 22, 2012 decision.

71.     At all relevant times, Plaintiff Holick exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta and Queensbury.

72.     Defendants mandated that Plaintiff Holick attend formal, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

73.     To perform the duties of a Sales Representative, Plaintiff Holick worked approximately 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

74.     On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Holick's wages in excess of $1,950.00 for the use of demonstration lines, $14,220.00 for missing, stolen, or broken Verizon Wireless cellular devices and accessories, and $25.00 for business cards in Plaintiff Holick's name.

**C.     Plaintiff Steven Moffitt**

75.     Plaintiff Steven Moffitt ("Plaintiff S. Moffitt") worked for Defendants as a Sales Representative from on or about October 11, 2010 until he was terminated on or about March 28, 2011.

76.     On information and belief, Plaintiff S. Moffitt was terminated as a Sales Representative of the Defendants because his supervisor(s) had been notified that his son, Plaintiff Justin Moffitt, had researched the filing of an SS-8 form with the Internal Revenue Service to determine whether Defendants had misclassified his and his father's work as Sales Representatives as the work of independent contractors.

77.     At all relevant times, Plaintiff S. Moffitt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Rochester, and Queensbury.

78.     Defendants mandated that Plaintiff S. Moffitt attend formal, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

79.     On information and belief, to perform the duties of a Sales Representative, Plaintiff S. Moffitt worked approximately 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

80.     On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff S. Moffitt's wages in excess of $1,000.00 for the use of demonstration lines, in excess of $9,000.00 for missing, stolen, or broken Verizon Wireless cellular devices and accessories, and $25.00 for business cards in Plaintiff S. Moffitt's name.

**D.     Plaintiff Justin Moffitt**

81.     Plaintiff Justin Moffitt ("Plaintiff J. Moffitt") worked for Defendants as a Sales Representative from on or about October 11, 2010 until he was terminated on or about March 28, 2011.

82.     On information and belief, Plaintiff J. Moffitt was terminated as a Sales Representative of the Defendants because his supervisors had been notified that he had researched the filing of an SS-8 form with the Internal Revenue Service to determine whether Defendants had misclassified his and his father's work as Sales Representatives as the work of independent contractors.

83.     At all relevant times, Plaintiff J. Moffitt exclusively performed his duties as a Sales Representative for Defendants at Defendants' New York retail store locations in Malta, Queensbury, Rochester, Poughkeepsie, Kingston, Middleburg, and Syracuse.

84.     Defendants mandated that Plaintiff J. Moffitt attend formal, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

85.     On information and belief, to perform the duties of a Sales Representative, Plaintiff J. Moffitt worked approximately 45 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

86.     On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff J. Moffitt's wages in excess of $1,000.00 for the use of demonstration lines, in excess of $9,000.00 for missing, stolen, or broken Verizon Wireless cellular devices and accessories, and $25.00 for business cards in Plaintiff J. Moffitt's name.

**E.     Plaintiff Gurwinder Singh**

87.     Plaintiff Gurwinder Singh ("Plaintiff Singh") worked for Defendants as a Sales Representative from on or about April 1, 2010 until he was terminated on or about June 30, 2011.

88.     On information and belief, Plaintiff Singh was terminated as a Sales Representative of the Defendants because he was not a "good fit" for the position of a Sales Representative.

89.     At all relevant times, Plaintiff Singh exclusively performed his duties as a Sales Representative for Defendants at Defendants' retail store locations in Malta, Rochester, Newburgh, Poughkeepsie, Middleburgh, Kingston, and Glens Falls, New York.

90.     Defendants mandated that Plaintiff Singh attend formal, classroom type training at Defendants' facilities in Albany, New York, Syracuse, New York, and Orlando, Florida that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

91.     On information and belief, to perform the duties of a Sales Representative, Plaintiff Singh worked approximately 40 to 50 hours per workweek, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

92.     On information and belief, pursuant to the Wage Deduction Policy, Defendants deducted from Plaintiff Singh's wages in excess of $2,500 for the use of demonstration lines and $20,000 for missing, stolen, or broken Verizon Wireless cellular devices and accessories.

**F.     Plaintiff Jason Mack**

93.     Plaintiff Jason Mack ("Plaintiff Mack") worked for Defendants as a Sales Representative from on or about August 31, 2010 until his was terminated on or about March 29, 2011.

94.     Plaintiff Mack was terminated as a Sales Representative of the Defendants because he purportedly was unable to be flexible by traveling on a moment's notice to perform as a Sales Representative at a retail store location he did not typically perform at.

95.     At all relevant times, Plaintiff Mack exclusively performed his duties as a Sales Representative for Defendants at Defendants' retail store locations in Malta and Queensbury, New York.

96.     Defendants mandated that Plaintiff Mack attend formal, classroom type training at Defendants' facilities in Albany and Syracuse, New York and Knoxville, Tennessee that covered product information, sales techniques, sales presentation and Defendants' policies and procedures.

97.     On at least one occasion, Plaintiff Mack was sent away from the retail store location he was scheduled to work as a Sales Representative by the Defendants because he did not show up for his scheduled shift wearing premium cloths in compliance with the Dress Code Policy.

98.     On information and belief, Plaintiff Mack worked approximately 40 to 45 hours per week, but was not compensated for his hours in excess of 40 per week at time and a half of his regular rate of pay.

99.     On information and belief, Defendants deducted from Plaintiff Mack's wages in excess of $10,970.00 for missing, stolen, or broken Verizon Wireless cellular devices and accessories.

## FLSA COLLECTIVE ACTION ALLEGATIONS

100.    Defendants intentionally misclassified Sales Representatives as independent contractors.

101.    Members of the prospective FLSA Class are similarly situated.

102.    Members of the prospective FLSA Class have substantially similar job requirements and pay provisions and are subject to common practice, policy or plan that requires or permits them to perform work for the benefit of the Defendants uncompensated at minimum wage and/or in excess of forty (40) hours per workweek without being compensated at one and one-half times their regular rate of pay.

103.    There are numerous similarly situated current and former Sales Representatives who Defendants have misclassified as independent contractors, denied their guaranteed compensation in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit.

104.    These similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

105.    Members of the prospective FLSA Class, and Plaintiffs, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

106.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the prospective FLSA Class.

107.    Plaintiffs Jan P. Holick Jr., Steven Moffitt, Jason Moffitt, Gurwinder Singh and Jason Mack  request that they be permitted to serve as representatives of those who have consented to participate in this action as part of the FLSA Class and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

### RULE 23(b)(3) NEW YORK CLASS ACTION

108.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiffs Jan P. Holick, Jr., Steven Moffitt, Jason Moffitt, Gurwinder Singh and Jason Mack bring their claim for relief to redress and remedy Defendants' violations of the Labor Law and the New York State common law.

109.    The prospective Rule 23 Class is easily ascertainable. The number and identity of Rule 23 Class members are determinable from Defendants' payroll records. On information

and belief the hours assigned and worked by the proposed Rule 23 Class are determinable from the records maintained by Defendants.

110.   <u>Numerosity</u>: The prospective Rule 23 Class is so numerous that joinder is impracticable, and that the disposition of their claims as a class will benefit the parties and the Court. While the exact number of the Rule 23 Class members is unknown to Plaintiffs at this time, on information and belief, the prospective Class comprises of at least several hundred persons.

111.   <u>Commonality</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the class in that Plaintiffs and all members of the prospective Rule 23 Class have been harmed by their misclassification as independent contractors by the Defendants and their subsequent failure to be appropriately compensated as a result for hours worked at minimum wage and at time and a half for hours worked in excess of forty (40) hours per workweek and their harm due to Defendants' unjust enrichment by the Defendants shifting their burden to pay Federal payroll taxes on their employees' wages onto Plaintiffs and the members, as well as the Defendants' improper pay deductions from Plaintiffs' and the members' wages. The common questions of law and fact include, but are not limited to the following:

> (1) Whether Defendants misclassified Plaintiffs and members of the prospective Rule 23 Class as independent contractors exempt from the protection of the Labor Law;
>
> (2) Whether Defendants refused to pay Plaintiffs and members of the prospective Rule 23 Class their minimum wage for all hours worked in violation of the Labor Law;

(3) Whether Defendants refused to pay Plaintiffs and the members of the prospective Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week in violation of the Labor Law;

(4) Whether Defendants made unauthorized deductions from the earned wages of the Plaintiffs and the members of the prospective Rule 23 class in violation of the Labor Law;

(5) Whether Defendants in violation of the New York State common law shifted their burden under the federal tax laws to shoulder a portion of the payroll taxes on Plaintiffs' and the prospective Rule 23 Class members' wages by misclassifying them as independent contractors; and

(6) Whether Defendants' refusal to pay such compensation and unjust enrichment is in violation of the Labor Law and/or New York State common law.

112.    Typicality: The claims of the Plaintiffs herein are typical of those claims which could be alleged by any member of the prospective Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the prospective Rule 23 Class in separate actions. All the prospective Rule 23 Class members were misclassified as independent contractors by the Defendants and were subject to the same compensation practices of Defendants, as alleged herein, of: (1) refusing to pay minimum wage and/or overtime wages; (2) making unauthorized deductions from earned wages; and (3) impermissibly shifting their federal tax burden on their employees' wages onto Sales Representatives. Defendants' compensation policies and practices affected all the prospective Rule 23 Class members similarly, and Defendants benefited from the same type of unfair

and/or wrongful acts as to each proposed Class member. Plaintiffs and the proposed Rule 23 Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

113.   Adequacy of Representation: Plaintiffs are able to fairly and adequately protect the interests of all members of the prospective Rule 23 Class, and there are no known conflicts of interest between Plaintiffs and the members of the proposed Class. Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

114.   Predominance and Superiority: The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual prospective Rule 23 Class members. A class action is superior to other available means for the fair and efficient adjudication of the controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for individual class members to redress the wrongs done to them.

115.   On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the

proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members rights' and the disposition of their interests through actions to which they are not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

116.   Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and the members of the prospective Rule 23 Class.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act – Overtime Compensation)**

117.   Defendants willfully violated FLSA by misclassifying Plaintiffs and all other similarly situated as independent contractors and failing to appropriately pay them minimum wage and overtime wages, and a 3-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

118.   At all relevant times, each Defendant has been, and continue to be, an employer engaged in interstate "commerce" within the meaning of FLSA, 29 U.S.C. § 203.

119.   At all relevant times, Defendants have employed, and continues to employ, "employee[s]," including the Plaintiffs and all other similarly situated, who have been engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

120.   At all relevant times, Defendants individually and/or collectively have had gross operative revenue in excess of $500,000 dollars.

121.   Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and other similarly situated employees as independent contractors and thereby failing and refusing to

pay them overtime wage compensation as required by law and in accordance with § 207 of the FLSA.

122.    As a result of Defendants violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied overtime wages in accordance with § 207 of the FLSA.

123.    Defendants have not made a good faith effort to comply with the FLSA with respect to its classification and overtime compensation of Plaintiffs and other similarly situated present and former Sales Representatives.

124.    As a result of Defendants unlawful acts, Plaintiffs and all similarly situated current and former Sales Representatives have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, punitive damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to § 216(b) of the FLSA.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Violation of Article 19 of the New York State Labor Law – Overtime Compensation)**
**(Brought on Behalf of Plaintiffs and all Prospective Rule 23 Class Members)**

125.    At times relevant to this action, Plaintiffs and other similarly situated were employees and Defendants were each an employer within the meaning of Article 19 of the Labor Law.

126.    The overtime wage provisions of Article 19 of the Labor Law and its supporting regulations apply to Defendants.

127.    Defendants have failed to pay Plaintiff and the prospective Rule 23 Class the overtime wages to which they are entitled under the Labor Law.

128.    By Defendants failure to pay Plaintiffs and the prospective Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to regulations in 12 N.Y.C.R.R. Part 142.

129.    Due to Defendants' violation of Article 19 of the Labor Law and corresponding regulations, Plaintiffs and the prospective Rule 23 Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
#### (Violation of the Fair Labor Standards Act – Minimum Wage)

130.    Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and other similarly situated employees as independent contractors and thereby failing and refusing to pay them minimum wage compensation as required by law and in accordance with § 206 of the FLSA.

131.    As a result of Defendants violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied their minimum wage in accordance with § 206 of the FLSA.

132.    Defendants have not made a good faith effort to comply with the FLSA with respect to its classification of payment of minimum wage to Plaintiffs and other similarly situated present and former Sales Representatives.

133.    As a result of Defendants unlawful acts, Plaintiffs and all similarly situated current and former Sales Representatives have been deprived their minimum wage in amounts

to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, punitive damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to § 216(b) of the FLSA.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Violation of Article 19 of the New York State Labor Law – Minimum Wage)**
**(Brought on Behalf of Plaintiffs and all Prospective Rule 23 Class Members)**

134.    The minimum wage provisions of Article 19 of the Labor Law and its supporting regulations apply to Defendants.

135.    Defendants have failed to pay Plaintiff and the prospective Rule 23 Class their minimum wage to which they are entitled under the Labor Law.

136.    By Defendants failure to pay Plaintiffs and the prospective Rule 23 Class their minimum wage, it has willfully violated the Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to regulations in 12 N.Y.C.R.R. Part 142.

137.    Due to Defendants' violation of Article 19 of the Labor Law and corresponding regulations, Plaintiffs and the prospective Rule 23 Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Violation of Article 6 of the New York State Labor Law – Wage Deductions)**
**(Brought on Behalf of Plaintiffs and all Prospective Rule 23 Class Members)**

138.    At times relevant to this action, Plaintiffs and the prospective Rule 23 Class members were employees and Defendants were each an employer within the meaning of Article 6 of the Labor Law.

139.    The provisions prohibiting wage deductions from employees under Article 6 of the Labor Law apply to Defendants.

140.    Defendants have made deductions from the Plaintiffs' and prospective Rule 23 Class members' earned wages that are not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency or are expressly authorized in writing as required by Labor Law § 193(1).

141.    By Defendants having made deductions from the Plaintiffs' and prospective Rule 23 Class members' wages, it has willfully violated the Labor Law Article 6, §§ 190 *et seq*.

142.    Due to Defendants' violation of Article 6 of the Labor Law, Plaintiffs and the prospective Rule 23 Class members are entitled to recover from Defendants the deductions impermissibly made from the Plaintiffs' and Rule 23 Class members' wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Violation of the New York State Common Law)
#### (Brought on Behalf of Plaintiffs and all Prospective Rule 23 Class Members)

143.    By Defendants misclassifying Plaintiffs and the prospective Rule 23 Class members as independent contractors, Defendants relieved themselves of their obligation under Federal tax law to pay payroll taxes on wages earned by Plaintiffs and the prospective Rule 23 Class members for Social Security and Medicare.

144.    By Defendants misclassifying Plaintiffs and the prospective Rule 23 Class members as independent contractors, Defendants required Plaintiffs and the prospective Rule

23 Class members to assume Defendants' obligation to pay Federal payroll taxes on wages earned by Plaintiffs and the Rule 23 Class members.

145.    Defendants benefited from misclassifying Plaintiffs and the prospective Rule 23 Class members as independent contractors.

146.    As a result, Defendants have been unjustly enriched.

147.    Plaintiff and the prospective Rule 23 Class members have been damaged as a result of Defendants' conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively seek that this Court:

1.    Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiffs as representatives of all those similarly situated under the FLSA collective action;

2.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons residing in New York State who are presently, or have at any time during the three years preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked as Sales Representatives on behalf of Defendant. Such notice will inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

3.    Issue an Order certifying a class of Sales Representatives employed by Defendants in New York State, pursuant to Rule 23, and designate Plaintiffs

Jan P. Holick, Jr. Steven Moffitt, Jason Moffitt, Gurwinder Singh and Jason Mack as representatives on behalf of the class.

4.    Issue an Order appointing the undersigned counsel as Class Counsel pursuant to Rule 23(g).

5.    Award Plaintiffs and all those similarly situated actual damages for unpaid wages, liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and the class, and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulation;

6.    Award Plaintiffs and all those similarly situated their actual damages for Defendants' unjust enrichment because of Defendants' misclassification of Plaintiffs and all those similarly situated as independent contractors pursuant to the New York State common law;

7.    Award Plaintiffs and all those similarly situated pre- and post-judgment interest as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, and Labor Law, Article 19, § 650 *et seq.*

8.    Award Plaintiffs and all those similarly situated attorneys' fees, costs and disbursements as provided by the FLSA, 29 U.S.C. § 216(b), Labor Law, Article 6, § 190 *et seq.*, and Labor Law, Article 19, § 650 *et seq.*

9.    Award Plaintiffs and all those similarly situated further legal and equitable relief as this Court deems necessary, just, and proper.

DATED:  Albany, New York
April 4, 2012

**GLEASON, DUNN, WALSH & O'SHEA**

By _____
RONALD G. DUNN., ESQ,
(Bar Roll No. 101553)
DANIEL A. JACOBS, ESQ.
(Bar Roll No. 515241)
Attorneys for Plaintiff
Office and P.O. Address
40 Beaver Street
Albany, New York 12207
(518) 432-7511