# GLEASON, DUNN, WALSH & O'SHEA

FRANK C. O'CONNOR III
BRENDAN C. O'SHEA
MARK T. WALSH
RONALD G. DUNN
THOMAS F. GLEASON
MICHAEL P. RAVALLI*
LISA F. JOSLIN
RICHARD C. REILLY

ATTORNEYS
40 BEAVER STREET
ALBANY, NEW YORK 12207
(518) 432-7511
FAX  (518) 432-5221
www.gdwo.com

DANIEL A. JACOBS
PETER N. SINCLAIR
BRYAN J. HUEBNER

HAROLD E. KOREMAN
(1916 – 2001)

*ALSO ADMITTED IN CONNECTICUT

July 20, 2012

**VIA ECF**

Hon. David R. Homer, U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

      Re:     **Jan P. Holick, Jr, et al. v. Cellular Sales**
                  **1:12-CV-0584 (NAM/DRH)**
                  Our File No. 11-240

Dear Judge Homer:

        This firm represents the Plaintiffs in the above-referenced matter. We write pursuant to the this Court's grant of Defendants' request filed on July 19, 2012 to adjourn the date of the Rule 16 Conference currently scheduled for August 15, 2012 along with the related filing deadline of August 1, 2012 for the Case Management Plan. Defendants made their request in light of their pending motions to: (1) dismiss Defendant Cellular Sales of Knoxville, Inc. ("CSOKI") from this action for lack of personal jurisdiction; and (2) dismiss this action for lack of subject-matter jurisdiction because Plaintiffs failed to engage in non-binding mediation of their claims prior to commencing this action. Please accept this letter as Plaintiffs' objection to the grant of Defendants' adjournment request and a request to reconsider.

        Plaintiffs have brought this action as a hybrid collective action/class action on their behalf and on behalf of all similarly situated individuals within New York State. Plaintiffs assert that Defendants improperly misclassified their work as Independent Contractors rather than employees selling Verizon Wireless cellular phone products and plans in violation of the federal Fair Labor Standards Act (the "FLSA") and the New York State Labor Law (the "Labor Law.  As a result they were deprived of guaranteed compensation under both statutes and Defendants were unjustly enriched.

        Importantly, while the claims under the Labor Law of class members who are not named Plaintiffs have been automatically tolled under F.R.C.P. 23 by the commencement of this action, their FLSA claims—which generally have a two-year statute of limitations—were <u>not</u> because class-wide claims under the FLSA are required to be pursued as a collective action under 29 U.S.C. § 216(b). For these individuals to seek to vindicate their rights under the FLSA in this action, they must receive notice of the pending action and an opportunity to "opt-in" to the action.

        The Court has adjourned the Rule 16 Conference in light of the motions to dismiss without date. It is unknown when Judge Mordue will issue his decision on the motions, and in that time class-members' claims under the FLSA will be at risk of being time-barred through no fault of the Plaintiffs. While the "spirit of judicial economy" as invoked by Defendants would be relevant to adjourn the Rule 16

Hon. David R. Homer, U.S. Magistrate Judge
July 20, 2012
Page 2

conference in light of dispositive motions if this was just a class action under F.R.C.P Rule 23, this is not that case.

Plaintiffs believe it is extremely important that the Rule 16 Conference be used to discuss tolling of these claims under the FLSA. Plaintiff seeks an Order to be issued, or a mutual agreement to be reached, that the claims of class-members under the FLSA will be tolled at least pending the motions to dismiss, and preferably, once the motions are denied as Plaintiffs expect, until after Plaintiffs move for conditional certification of their claims under the FLSA as a collective action and a time period is provided in which class members will receive Court-supervised notice of their opportunity to opt-in to the action and provided that opportunity.

Plaintiffs believe there are other good reasons for the Rule 16 Conference to be held. First, Plaintiffs believe that discussion should be had regarding limited discovery during the pendency of the motions to dismiss. Plaintiffs believe that jurisdictional discovery on the business relationship between the defendants is important in light of their attempt to dismiss CSOKI from the action for lack of personal jurisdiction because CSOKI lacks sufficient contacts with New York State through its wholly-owned New York subsidiary. Further, Plaintiffs believe that the disclosure of the names and contact information of those similarly situated individuals within New York. This will allow Plaintiffs to have the proper factual basis to move for conditional certification of the collective action when appropriate.

Second, Plaintiffs believe it is important that both parties discuss with the Court whether or not it is appropriate for the Court to entertain a motion for conditional certification pending the decision on the motions to dismiss.

Third, Plaintiffs believe that the discussion of the various deadlines in this action is important regardless of the pending motions to dismiss. Judge Mordue's dismissal of CSOKI from this action will still leave the other defendant in this action, and Plaintiffs' strongly believe that there is a low likelihood that the action will be dismissed for lack of subject-matter jurisdiction because the Plaintiffs did not satisfy a contractual condition precedent to engage in non-binding mediation prior to commencing this action.

Very truly yours,

**GLEASON, DUNN, WALSH & O'SHEA**

By: _____
          Daniel A. Jacobs

DAJ/cas

CC: **VIA ECF**
C. Larry Carbo III, Esq.
Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith Street, Suite 1400
Houston, Texas 77002

**VIA ECF**
Joseph M. Dougherty, Esq.
Hinman Straub
Attorneys At Law
121 State Street
Albany, NY 1693