C. LARRY CARBO, III
SHAREHOLDER
DIRECT DIAL NO.(713) 356-1712
E-MAIL: larry.carbo@chamberlainlaw.com

July 20, 2012

**VIA ECF**
Hon. David R. Homer
United States Magistrate Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

   Re: *Holick, et al. v. Cellular Sales of New York, LLC, et al.*
     USDC NDNY 1:12-cv-00584 (NAM/DRH)

Dear Judge Homer:

  The undersigned law firm represents the Defendants in the above-referenced matter. This letter is written in response to Plaintiffs' July 20, 2012 letter motion, in which Plaintiffs request the Court to reconsider its adjournment of the Rule 16 Conference. (*See* Doc. 21).

  On July 20, 2012, as requested by Defendants, the Court entered an order adjourning the Rule 16 Conference pending decision of Defendants' dispositive motions. Plaintiffs have failed to establish any reason why the Court should reconsider its ruling. The motions to dismiss have been fully briefed and are currently before the Court.

  Plaintiffs' primary argument in support of reconsideration is that the FLSA claims of potential class members in this case are not tolled until a collective action is certified and the class members "opt-in" to the lawsuit. Plaintiffs ignore the fact that their employment with Defendant Cellular Sales of New York, LLC ended well over a year ago and they did not file this lawsuit until April 4, 2012.[1] Also, over a year ago, on April 18 and May 16, 2011, Plaintiffs' counsel sent correspondences to Mr. Larry Carbo, counsel for Defendants, complaining of precisely the same conduct alleged in this lawsuit. Plaintiffs attached these letters to the Affidavit of Ronald G. Dunn in support of their response to Defendants' motions to dismiss. (*See* Doc. 12-2, Exhibits BB and DD). Specifically, in the May 16, 2011 letter, Plaintiffs' counsel asserted that Defendants failed to pay Plaintiff Jan P. Holick overtime compensation in violation of the FLSA. Thus, to argue that the Court should not adjourn the Rule 16 Conference because any delay in this case could potentially cause harm is absurd. Plaintiffs allowed a year

---

[1] The employment of four of the plaintiffs with Cellular Sales of New York, LLC was terminated in March of 2011. The remaining plaintiff's employment ended in June of 2011. (*See* Plaintiff's Complaint, Doc. 1, at ¶¶ 68, 75, 81, 87, 93).

to pass before filing their FLSA claims, and the passage of a few weeks or months will result in little, if any, additional harm to Plaintiffs or the alleged potential class members.

Plaintiffs' other arguments likewise fail to establish that a Rule 16 Conference is warranted at this stage in the proceedings. Contrary to Plaintiffs' assertions, there is no need to have "discussions" regarding jurisdictional discovery at a Rule 16 Conference. Whether jurisdictional discovery should be permitted is already before the Court, has been briefed by the parties, and is contingent on the Court's rulings on the motions to dismiss. Specifically, in their response to the motions to dismiss, Plaintiffs asked the Court, in the alternative, to hold the motion to dismiss for lack personal jurisdiction in abeyance pending jurisdictional discovery. (Doc. 12, p. 18). However, as Defendant Cellular Sales of Knoxville, Inc. explained, Plaintiffs have not established entitlement to discovery on the jurisdictional issues. (Doc. 15, p. 9). Even further, if the Court grants either of the Defendants' motions to dismiss, Plaintiffs' request for jurisdictional discovery will be moot. Thus, whether jurisdictional discovery is appropriate depends on the Court's rulings on the motions to dismiss and should not be addressed until the Court has had an opportunity to consider these motions.

Furthermore, and most significantly, a Rule 16 Conference prior to the Court's rulings on the motions to dismiss is more likely to prejudice, rather than benefit, the parties. If discovery proceeds at this stage in the litigation, the parties may be forced to expend extraordinary amounts of time and financial resources in a case that may be dismissed. Accordingly, the Court's adjournment of the Rule 16 Conference is in the best interests of the parties and should not be disturbed.

For the foregoing reasons, Defendants respectfully ask the Court to deny Plaintiffs' request for reconsideration of the Court's adjournment of the Rule 16 Conference.

    Respectfully submitted,

    CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY

    C. Larry Carbo III
    *(Admitted Pro Hac Vice)*
    (Texas Bar Roll No. 24031916)

## CERTIFICATE OF SERVICE

     I hereby certify that on July 20, 2012, I electronically filed the foregoing with the Clerk of the District using the CM/ECF system, which sent notification of such filing to the following:

1. Daniel A. Jacobs
   Ronald G. Dunn
   Gleason, Dunn Law Firm
   40 Beaver Street
   Albany, NY 12207

2. Joseph M. Dougherty
   Bar Roll No. 515968
   HINMAN STRAUB, P.C.
   121 State Street
   Albany, NY 12207

*[signature]*
_____