UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAN P. HOLICK, JR., STEVEN MOFFITT, JUSTIN
MOFFITT, GURWINDER SINGH, and JASON
MACK,

              Plaintiffs, on behalf of themselves
              and all others similarly situated,        1:12-CV-584

    vs.

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

              Defendants.
_____

| **APPEARANCES** | **OF COUNSEL:** |
|---|---|
| GLEASON DUNN WALSH & O'SHEA<br>40 Beaver Street<br>Albany, New York 12207<br>*Counsel for Plaintiffs* | Ronald G. Dunn, Esq.<br>Daniel A. Jacobs, Esq. |
| CHAMBERLAIN HRDLICKA WHITE<br> WILLIAMS & AUGHTRY<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002<br>*Counsel for Defendant Cellular Sales*<br>*of New York, L.L.C.* | Charles L. Carbo, III, Esq. |
| HINMAN STRAUB, P.C.<br>121 State Street<br>Albany, New York 12207<br>*Counsel for Defendant Cellular Sales*<br>*of Knoxville, Inc.* | Joseph M. Dougherty, Esq. |

**NORMAN A. MORDUE, U.S. District Judge**

MEMORANDUM-DECISION AND ORDER

I.     INTRODUCTION

     The present action is one brought pursuant to the Fair Labor Standards Act (the "FLSA"),

29 U.S.C. § 201 et seq. and the New York State Labor Law (the "Labor Law"), Article 6, § 190 *et seq.*, and Article 19, § 650 *et seq.*. Plaintiffs allege that they, and similarly situated Sales Representatives in New York, were misclassified as independent contractors in violation of the FLSA and the Labor Law and were therefore deprived of their guaranteed compensation under both laws. There are five motions presently pending before the Court. Both defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (b) (1) for lack of subject matter jurisdiction, or in the alternative to compel mediation and stay the proceedings pending mediation. Defendant Cellular Sales of Knoxville, Inc. ("CSOKI") moves to dismiss the complaint against it for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12 (b) (2). Plaintiffs move, pursuant to 29 U.S.C. § 216(b), for this Court to conditionally certify a collective action and issue notice of the pending claims under the FLSA to all similarly situated individuals so that these current and former Sales Representatives will have the opportunity to exercise their rights under the FLSA. In addition, there are two letter motions, asking for the Court's consideration of additional matters. Plaintiffs oppose defendants' motions to dismiss. Defendants oppose plaintiffs' motion for conditional certification.

II.    FACTUAL AND PROCEDURAL BACKGROUND

Defendants operate retail store locations throughout New York where sales representatives sell Verizon Wireless products and services on defendants' behalf to customers who enter fixed location stores. Plaintiffs assert that they were hired as sales representatives by defendants, but misclassified as independent contractors by defendants who at the outset of their relationship with plaintiff required plaintiffs to individually "incorporate" into limited liability companies. According to plaintiffs, this allowed defendants to shift their federal tax payroll

-2-

burden for sales representatives' earnings onto each sales representative as if each was self-employed. According to defendants, they had non-exclusive independent sales agreements with plaintiffs agreements which specifically provided that the relationship between Cellular Sales of New York, L.L.C. ("CSNY-LLC") and plaintiffs was that of an independent contractor. Based upon these sales agreements, defendants assert that plaintiffs, and anyone else the plaintiffs' sales companies' hired, were employees of the sales companies, not CSNY-LLC. CSNY-LLC terminated its arrangement with plaintiffs' sales companies in 2011.

Defendants first moves to dismiss the complaint based on lack of subject matter jurisdiction. Specifically, defendants assert plaintiffs failed to comply with a condition precedent prior to filing this lawsuit. They contend that plaintiffs and CSNY-LLC are parties to afore-mentioned written non-exclusive sales agreements which contain valid and non-binding mediation clauses. Based thereupon, defendants argue that the Court should dismiss the complaint or stay the proceedings pending mediation of plaintiffs' claims.

Defendant CSOKI also moves to dismiss for lack of personal jurisdiction. According to defendants, it was CSNY-LLC, not CSOKI, that entered into non-exclusive independent sales agreements with plaintiffs' sales companies. According to defendants, CSOKI, has never entered into a sales agreement, or any other type of agreement, with plaintiffs or plaintiffs' sales companies. Defendants assert CSOKI has never employed plaintiffs, set their rate of pay, nor did it ever handle or issue paychecks or any other type of payment to plaintiffs or plaintiffs' sales companies. In fact, defendants contend CSOKI has never had any sort of contact or communication with plaintiffs.

Plaintiffs move, pursuant to 29 U.S.C. § 216(b), for this Court to conditionally certify a

-3-

collective action and issue notice of the pending claims under the FLSA to all similarly situated individuals so that these current and former Sales Representatives will have the opportunity to exercise their rights under the FLSA.[1]  Plaintiffs assert that conditional certification and Court-supervised notice are warranted in this case because the named plaintiffs and other sales representatives in New York meet the lenient standards applied at this stage of the litigation showing they are "similarly situated."  According to plaintiffs, these individuals performed the same job duties, worked under the same compensation scheme, and were all uniformly considered independent contractors by defendants.  In addition, plaintiffs assert these individuals were exempt from overtime compensation and being paid at least a minimum wage.  Plaintiffs argue that the need for Court-supervised notice is compelling because the claims of potential "opt-in" plaintiffs are extinguished with every passing day due to the running of the statute of limitations of their claims.

Plaintiffs also move to toll the running of the statute of limitations for claims of potential "opt-in" plaintiffs because of the unavoidable delay in providing these potential plaintiffs with notice of their claims due to the present motions pending before the Court.  In addition, plaintiffs move to toll the running of the statute of limitations to account for any stay of this action issued by this Court.

III.    DISCUSSION

A.    Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12 (b) (1)

---

[1] Plaintiffs have also filed this lawsuit as a class action under Fed. R. Civ. P. 23 with respect to their claims under the Labor Law.  Plaintiffs plan to bring a motion for Fed. R. Civ. P. 23 class certification at a later time.  In the Second Circuit, the FLSA is held not to preempt the claims made under the Labor Law, and courts can certify hybrid actions that include both an opt-in FLSA collective claim and an opt-out state labor law Fed. R. Civ. P. 23 class action, such as the lawsuit before this Court.  *See Shahriar v. Smith & Wollensky Rest. Group, Inc*., 659 F.3d 234,249, 252 (2d Cir. 2011).

Defendants assert in the first instance that plaintiffs' complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12 (b) (1). Dismissal of a case for lack of subject matter jurisdiction under Rule 12 (b) (1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12 (b) (1), a district court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

Plaintiffs' complaint asserts that jurisdiction lies in this case pursuant to 28 U.S.C. § 1331 based on a federal question in light of their claims under the FLSA. Defendants contend that plaintiffs have failed to comply with a condition precedent to litigation in their non-exclusive sales agreements which required them to submit disputes to non-binding mediation. Therefore, defendants' assert the case is subject to dismissal for lack of subject matter jurisdiction. The Court agrees with plaintiffs that defendants have "conflated" the concepts of subject matter jurisdiction and "condition precedent" to litigation as discussed in *N-Tron Corp. v. Rockwell Automation, Inc.*, No. 09-0733-WS-C (S.D. Ala. Feb. 18, 2010). To wit, it is clear that this Court has subject matter jurisdiction over plaintiffs' claims based on 28 U.S.C. § 1331 pursuant to the FLSA. Plaintiff's failure to have satisfied a condition precedent to litigation cannot divest this Court of subject matter jurisdiction, "a matter that can never be forfeited or waived." *Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen Gen. Comm. of Adjustment, Cent. Region*, --- U.S. ----, 130 S. Ct. 584, 596 (2009). Defendants' motion to

dismiss based upon Fed. R. Civ. P. 12 (b) (1) must be denied.

B.     Motion to Compel Mediation and/or Stay Proceedings

In the alternative, defendants move to compel mediation and for a stay of the action pending mediation. In the context of motions to compel arbitration brought under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 (2000), the court applies a standard similar to that applicable for a motion for summary judgment. *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citing *Par-Knit Mills v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n. 9 (3d Cir. 1980)); *Doctor's Assoc. v. Distajo*, 944 F.Supp. 1010, 1014 (D.Conn.1996), *aff'd*, 107 F.3d 126 (2d Cir. 1997). If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary. 9 U.S.C. § 4. *See id.* The summary judgment standard is appropriate in cases where the District Court is required to determine arbitrability, regardless of whether the relief sought is an order to compel arbitration or to prevent arbitration. *See id.* The Court therefore proceeds to review the record to determine whether plaintiffs have raised any triable issue of fact.

It is undisputed that the non-exclusive independent sales agreements in this case each contained a mediation clause which required the parties to submit any and all disputes to non-binding mediation prior to instituting litigation. Section 11 of the agreements stated in relevant part:

> If **a dispute** arises under this Agreement, then the parties agree that they **shall submit any dispute** or seemingly unresolvable issue to mediation. If the mediation process is unsuccessful in resolving the matters in controversy, then in such event, the Parties shall then have the right to pursue any appropriate legal actions against the other Party in a court of competent jurisdiction. Each Party shall bear its own legal expenses, including but not limited to, court costs, discretionary costs, if any, and any other costs of protecting said Party's interests; provided, however, that costs and expenses incurred pursuant to Section 8 of this Agreement shall not apply.

-6-

Section 11 (emphasis added) There is no dispute that plaintiffs and defendants expressly agreed to mediate disputes related to their non-exclusive independent sales agreements. Thus, the Court need not engage in an analysis of whether the parties reached such an agreement. The only serious argument plaintiffs raise concerning the mediation agreements is whether defendants have waived their right to rely on them based on their failure to engage in mediation prior to this lawsuit after initially suggesting through counsel that they might be interested in mediating. Waiver of a right to arbitrate "is not to be lightly inferred." *See Seguross Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 862 (2d Cir. 1985). An examination of whether such a waiver occurred "must be conducted in light of the strong federal policy favoring arbitration." *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985). The party seeking to prove waiver has a heavy burden, and any doubt should be resolved in favor of arbitration. *Brener v. Becker Paribas, Inc.*, 628 F.Supp. 442, 451 (S.D.N.Y. 1985). Mere delay without resulting prejudice to a party is insufficient to prove a waiver of arbitration. See *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991); *Russo v. Simmons*, 723 F.Supp. 220, 223 (S.D.N.Y. 1989). In *Shearson*, the Second Circuit found that a three-year delay did not constitute a waiver of the right to arbitrate. *See Shearson*, 944 F.2d at 122 (and further noting even if "lost evidence" constituted "prejudice," it was clearly insufficient to justify finding of waiver). As such, the Court finds that there is insufficient evidence that defendants have waived their right to seek arbitration in this matter.

Congressional policy, as embodied in the Federal Arbitration Act ("FAA"), favors enforcement of arbitration clauses in commercial contracts. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 625 (1985); *Moses H. Cone Mem. Hosp. v. Mercury*

*Constr. Corp.*, 460 U.S. 1, 24 (1983). Section 2 of the Act expresses this preference, stating that written agreements to arbitrate in such contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A further provision requires courts to stay judicial proceedings pending arbitration if the court is satisfied that the issues presented are arbitrable or, in other words, contemplated by an agreement to arbitrate. *See* 9 U.S.C. § 3. These statutory provisions remain mandatory, as the Supreme Court emphasized in *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985):

> [T]he [Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. Thus, insofar as the language of the Act guides our disposition of this case, we would conclude that agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement.

*See also Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir. 1987). Furthermore, at this stage of the litigation, a court should not consider the merits of the underlying controversy. *See CB Richard Ellis, Inc. v. American Environmental Waste Management*, 1998 903495, No. 98-CV-4183 (JG) (E.D.N.Y. Dec 4, 1998). Rather, the only issue is whether the parties have agreed to mediate the dispute. *See Mitsubishi*, 473 U.S. at 628.

Accordingly, a court considering a motion to compel arbitration or mediation must determine whether the issues presented are arbitrable. *See First Options v. Kaplan*, 514 U.S. 938, 944 (1995). First, it must determine whether the parties agreed to arbitrate. If they have, it must then assess the scope of their agreement to determine whether it encompasses the asserted claims. Genesco, 815 F.2d at 844. Any doubts concerning the scope of arbitrable issues "should be resolved in favor of arbitration." *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir.) (citing *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24–25), *cert. dismissed*, 501 U.S. 1267 (1991); *see also Coudert v. Paine Webber Jackson & Curtis*, 705 F.2d 78, 81 (2d Cir.

-8-

1983). Next, the court must decide whether any asserted federal statutory claims were intended by Congress to be nonarbitrable. *See Genesco*, 815 F.2d at 844. Finally, where some but not all of the claims in the case are arbitrable, the court must decide whether to stay proceedings as to the remaining claims. *See id.*; *see also Acquaire v. Canada Dry Bottling*, 906 F.Supp. 819, 824–25 (E.D.N.Y. 1995).

2.      The Scope of the Mediation Agreement

The next factor in determining whether to compel mediation concerns whether plaintiffs' claims fit within the terms of the mediation clause. As stated above, federal policy strongly favors arbitration and mediation. Specifically, plaintiffs allege that due to their misclassification as independent contractors rather than employees they were denied overtime compensation, and in some workweeks their minimum wage, as guaranteed by the FLSA and the New York Labor Law. In addition, plaintiffs assert that defendants made wage deductions from the pay of the named plaintiffs in violation of the Labor Law. Due to their misclassification of plaintiffs as independent contractors, defendants shifted their federal payroll burden for plaintiffs and others similarly situated and misclassified to each sales representative as though they were self-employed.

The Supreme Court has stated that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or like defense to arbitrability." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24–25; *see also AT & T Techs., Inc.* v. *Communications Workers of America*, 475 U.S. 643, 650 (1986) (stating that presence of arbitration clause creates presumption of arbitrability). In conformity with these principles, the Second Circuit has acknowledged that courts must "construe arbitration clauses as broadly as possible." *S.A. Mineracao da Trindade–Samitri v. Utah Int'l, Inc.*, 745 F.2d 190, 194 (2d Cir. 1984). A court

should grant a request for an order to compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Techs.*, 475 U.S. at 650 (citing *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)).

The presumption in favor of arbitration acquires particular significance when the arbitration clause is broadly worded as is the mediation agreement in the present case. *See AT & T Technologies*, 475 U.S. at 650; *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991) (stating that, in cases of broadly worded arbitration clauses, "the strong presumption in favor of arbitrability applies with even greater force"). Here, the mediation clause refers the parties to mediation should "a dispute" arise and states they will submit "any dispute" to non-binding mediation prior to instituting litigation. Such circumstances call for arbitration of any grievance not expressly excluded by the arbitration clause, unless there exists "the most forceful evidence of a purpose to exclude the claim from arbitration." *AT & T Techs.*, 475 U.S. at 650 (quoting *Warrior & Gulf*, 363 U.S. at 584–85); *see also Roso–Lino Beverage Distribs., Inc. v. Coca–Cola Bottling of New York*, 749 F.2d 124, 126 (2d Cir. 1984); *Wire Serv. Guild, etc. v. United Press Int'l, Inc.*, 623 F.2d 257, 260 (2d Cir.1980) (stressing that language exempting certain disputes from arbitration clause must be "clear and unambiguous" or "unmistakably clear"). There is no factual, practical or legal evidence upon which to distinguish the claims set forth in the complaint from this agreement to mediate since the complaint unquestionably raises a "dispute" between the parties.

3. Nonarbitrable Claims

Plaintiffs in this case have asserted a federal statutory claim under the FLSA. The parties do not address this argument, but the Court is cognizant of well settled law which holds that "if federal statutory claims are asserted, the district court must determine whether Congress intended

-10-

those claims to be nonarbitrable." *Genesco, Inc.*, 815 F.2d at 844 (citing *Mitsubishi Motors Corp.*, 473 U.S. at 626–29). In *Ryan v JP Morgan Chase & Co.*, 2013 WL 646388, No. 12-CV-4844 (VB) (S.D.N.Y. Feb 12, 2013), at *3 the court held because the "plaintiff signed an employment contract containing a "binding arbitration agreement ['BAA'] and thus agreed to arbitration; her claim is within the scope of the BAA because it arises out of her employment; and Congress intended FLSA claims to be arbitrable." 2013 WL 646388, at *3. Based thereupon, the Court finds that Congress intended plaintiffs' FLSA claims to be subject to arbitration under the FAA.

D.  Motion for a Stay of the Proceedings

The only remaining issue is whether to grant defendants' motion for a stay of arbitration or their motion to dismiss the case in favor of arbitration. Plaintiffs' complaint raises claims under the New York Labor Law and the FLSA, all of which are subject to arbitration under the FAA as discussed *infra*. Where all of the issues raised in the complaint must be submitted to arbitration, the court may dismiss an action rather than stay proceedings. *Rubin v. Sona Intern. Corp.*, 457 F. Supp. 2d 191, 198 (S.D.N.Y. 2006) . "In making this determination, the Second Circuit urges district courts to consider the fact that 'dismissal renders an order appealable under [9 U.S.C.A.] § 16(a)(3), while the granting of a stay is an unappealable interlocutory order under [ 9 U.S.C.A.] § 16(b).'" *Id*. Under these circumstances, the Court concludes that dismissal is appropriate.

IV.  CONCLUSION

After thorough review of the record and applicable law, it is hereby

ORDERED that defendants' motion to dismiss (Dkt. #8) pursuant to Fed. R. Civ. P. 12 (b)(1) for lack of subject matter jurisdiction is DENIED; and it is further

ORDERED that defendants' alternative motion (Dkt. # 8) to compel arbitration is GRANTED; and it is further

ORDERED that the complaint is dismissed without prejudice and it is further;

-11-

ORDERED that in light of the Court's determination to grant defendants' motion to compel arbitration and dismiss the complaint, it is further

ORDERED that defendant CSOKI's motion to dismiss for lack of personal jurisdiction (Dkt. #10) is DENIED as moot; and it is further

ORDERED that plaintiffs' motion for conditional certification of a collective action under the FLSA (Dkt. #27) is DENIED as moot; and it is further

ORDERED that the parties' remaining pending motions, Dkts # 18 and #37 are DENIED as moot.

IT IS SO ORDERED.

Dated: March 28, 2013
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge