

13-1294
Holick v. Cellular Sales of N.Y., LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1      At a stated term of the United States Court of Appeals for the Second Circuit, held at
2    the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New
3    York, on the 13th day of March, two thousand fourteen.
4
5    PRESENT:   REENA RAGGI,
6                   DENNY CHIN,
7                   SUSAN L. CARNEY,
8                            *Circuit Judges.*
9    ------------------------------------------------------------------------
10   JAN P. HOLICK, JR., STEVEN MOFFITT, JUSTIN
11   MOFFITT, GURWINDER SINGH, JASON MACK, on
12   behalf of themselves and all others similarly situated,
13   TIMOTHY M. PRATT, WILLIAM BURRELL,
14                        *Plaintiffs-Appellants*,
15
16                 v.                                   No. 13-1294-cv
17
18   CELLULAR SALES OF NEW YORK, LLC, and
19   CELLULAR SALES OF KNOXVILLE, INC.,
20                        *Defendants-Appellees.*
21   ------------------------------------------------------------------------
22
23   APPEARING FOR APPELLANTS:    RONALD G. DUNN, Gleason, Dunn, Walsh &
24                                    O'Shea, Albany, New York.
25

MANDATE

MANDATE ISSUED ON 04/07/2014

1   APPEARING FOR APPELLEES:          C. LARRY CARBO, III (Julie R. Offerman, *on*
2                                     *the brief*), Chamberlain, Hrdlicka, White,
3                                     Williams & Aughtry, Houston, Texas.
4
5        Appeal from a judgment of the United States District Court for the Northern District

6   of New York (Norman A. Mordue, *Judge*).

7        UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

8   AND DECREED that this appeal from the judgment entered on March 29, 2013, is

9   DISMISSED IN PART and to the extent not dismissed the judgment is VACATED and the

10  case is REMANDED.

11       Plaintiffs Jan P. Holick, Jr., Steven Moffitt, Justin Moffitt, Gurwinder Singh, Jason

12  Mack, Timothy M. Pratt, and William Burrell appeal from an order compelling mediation

13  and dismissing without prejudice claims for compensation brought against defendants

14  Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. pursuant to the Fair

15  Labor Standards Act ("FLSA"), see 29 U.S.C. § 201 et seq.; New York Labor Law

16  ("NYLL"), see NYLL Art. 6, § 190 et seq. and Art. 19, § 650 et seq.; and New York

17  common law.  While this appeal was pending, the parties engaged in mediation, which

18  failed to resolve their underlying dispute.  We assume the parties' familiarity with the

19  underlying facts and the record of prior proceedings, which we reference only as necessary

20  to explain our decision.

21

22

1   1.     Compelled Mediation

2        Plaintiffs argue that the district court erred in relying on the Federal Arbitration Act

3   ("FAA"), 9 U.S.C. § 1 et seq., to compel mediation in this case because mediation (as

4   distinct from arbitration) clauses are not enforceable pursuant to the FAA and, in any

5   event, their claims are not covered by the mediation clause in their agreements with

6   defendants.

7        It is undisputed that Section 11 of the parties' Sales Agreements contains a

8   mediation provision, which states, inter alia, that

> 9   [i]f a dispute arises under this Agreement, then the Parties
> 10  agree that they shall submit any dispute or seemingly
> 11  unresolvable issue to mediation.  If the mediation process is
> 12  unsuccessful in resolving the matters in controversy, then in
> 13  such event, the Parties shall then have the right to pursue any
> 14  appropriate legal actions against the other Party in a court of
> 15  competent jurisdiction.

16
17  J.A. 76, 84, 92, 100, 108.   It is also undisputed that, prior to filing suit, the parties had not

18  engaged in mediation but, during the pendency of this appeal, they did so.

19       Because the parties have already completed mediation, we need not decide whether

20  the district court properly ordered mediation because that issue is now moot.  See Video

21  Tutorial Servs., Inc. v. MCI Telecomms. Corp., 79 F.3d 3, 4 (2d Cir. 1996) (dismissing as

22  moot challenge to stay of arbitration pending mediation because mediation had already

23  taken place and stay had expired); see also Standard Inv. Chartered, Inc. v. Nat'l Ass'n of

24  Sec. Dealers, Inc., 560 F.3d 118, 125 (2d Cir. 2009); ABC, Inc. v. Stewart, 360 F.3d 90, 97

1    (2d Cir. 2004) ("[U]nder the mootness doctrine, if an event occurs while a case is pending

2    on appeal that makes it impossible for the court to grant any effectual relief whatever to a

3    prevailing party, we must dismiss the case, rather than issue an advisory opinion." (internal

4    quotation marks omitted)).

5         In arguing against mootness, plaintiffs submit that a favorable ruling on their appeal

6    from the mediation order would grant effectual relief from the limitations bar that now

7    applies to certain of their dismissed claims.   We are not persuaded.   The limitations bar is

8    a result of the district court's decision to dismiss rather than stay plaintiffs' claims and is

9    better addressed in our review of that decision.

10        We hereby dismiss as moot that part of the appeal challenging the district court's

11   order compelling mediation.[1]

12   2.    <u>Dismissal Without Prejudice of Underlying Claims</u>

13        Defendants moved in the alternative for dismissal pursuant to Fed. R. Civ. P.

14   12(b)(1) for lack of subject-matter jurisdiction or an order compelling mediation with a

15   stay of proceedings pending completion of mediation.   The district court granted the latter

16   relief, but, rather than stay proceedings, dismissed the action without prejudice to refile in

17   order to afford plaintiffs an opportunity to appeal.

---

[1] To the extent plaintiffs suggest that the compelled mediation order is one that is "capable of repetition, yet evading review," see FEC v. Wisc. Right to Life, Inc., 551 U.S. 449, 462 (2007), we are not persuaded.   Specifically, plaintiffs fail to show that in other litigation, see, e.g., Holick v. Cellular Sales of New York, LLC, No. 13 Civ. 738 (N.D.N.Y. filed June 24, 2013), any similarly aggrieved parties could not secure appellate review by seeking a stay of mediation and expedited appeal.

1    While plaintiffs, in opposing 12(b)(1) dismissal, alerted the district court to possible

2    statute of limitations concerns, we cannot confidently conclude on the record before us that

3    plaintiff had notice and opportunity to alert the district court that these concerns also

4    pertained to dismissal without prejudice pending mediation.  See Acosta v. Artuz, 221

5    F.3d 117, 124 (2d Cir. 2000) (stating that court generally "may not dismiss an action

6    without providing the adversely affected party with notice and an opportunity to be

7    heard"); accord Mojias v. Johnson, 351 F.3d 606, 610–11 (2d Cir. 2003).  Nor can we

8    conclude that the district court ever considered any limitations bar in ordering dismissal.

9    Accordingly, we vacate the order of dismissal without prejudice and remand to the district

10   court for further proceedings consistent with this order.[2]

11   We have considered the parties' remaining arguments on appeal and conclude that

12   they are without merit.   Accordingly, the appeal is DISMISSED IN PART as moot, and to

13   the extent not dismissed, the judgment is VACATED and the case is REMANDED.

14                         FOR THE COURT:
15                         CATHERINE O'HAGAN WOLFE, Clerk of Court
16

---

[2] We express no view on the limitations issue that divides the parties or on the effect of
N.Y. C.P.L.R. 205(a), leaving these matters for further development and resolution in the
district court.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5