IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAN P. HOLICK, JR., *et al.* | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO.: 1:12-CV-584 |
| | § | |
| CELLULAR SALES OF NEW YORK, LLC, | § | (NAM/DRH) |
| AND CELLULAR SALES OF | § | |
| KNOXVILLE, INC., | § | |
| | § | |
|     Defendants. | § | |

REPLY IN FURTHER SUPPORT OF DEFENDANTS' BRIEF
ADDRESSING THE IMPACT OF THE SECOND CIRCUIT'S MANDATE

C. Larry Carbo III
Texas Bar No. 24031916
Julie R. Offerman
Texas Bar No. 24070360
CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, TX  77002
Phone:  (713) 658-1818
Fax:  (713) 658-2553
E-mail: larry.carbo@chamberlainlaw.com
E-Mail: julie.offerman@chamberlainlaw.com
***(Admitted Pro Hac Vice)***

LOCAL COUNSEL:

Joseph M. Dougherty
Bar Roll No. 515968
HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Phone:  (518) 436-0751
Fax:  (518) 436-4751
E-mail: jdougherty@hinmanstraub.com

ATTORNEYS FOR DEFENDANTS

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT AND AUTHORITIES ............................................................................................. 2

I.    The Second Circuit Did Not Find That the Motion to Compel Mediation is Moot ................ 2

II.   This Court Did Not, and Will Not, Abuse Its Discretion By Dismissing This Case Without Prejudice ................................................................................................................................. 4

      A.   Because All of Plaintiffs' Claims Were Subject to Mediation, this Court Had Discretion to Dismiss the Lawsuit Without Prejudice ................................................... 4

      B.   Dismissal Without Prejudice is Appropriate in This Case ........................................... 6

III.  Plaintiffs' Request for Consolidation is Improper and Should Be Denied ............................ 7

CONCLUSION ............................................................................................................................... 8

CERTIFICATE OF SERVICE ....................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*75-07 Food Corp. v. Trustees of United Food & Commercial Workers Local 342 Health Care Fund*,
   2014 WL 691653 (E.D.N.Y. Feb. 24, 2014)..................................................................................6

*Alford v. Dean Witter Reynolds, Inc.*,
   975 F.2d 1161 (5th Cir. 1992) ......................................................................................................5

*Borrero v. Ruppert Housing Co., Inc.*,
   2009 WL 1748060 (S.D.N.Y. June 19, 2012) ..............................................................................5

*Choice Hotels Int'l Inc. v. BSR Tropicana Resort, Inc.*,
   252 F.3d 707 (4th Cir. 2001) ........................................................................................................5

*Duran v. J. Hass Group L.L.C.*,
   2012 WL 3233818 (E.D.N.Y. June 8, 2012) *aff'd*, 531 Fed. Appx. 146 (2d Cir. 2013) ...........5

*Green v. Ameritech Corp.*,
   200 F.3d 967 (6th Cir. 2000) ....................................................................................................5, 7

*Green v. SuperShuttle Intern., Inc.*,
   653 F.3d 766 (8th Cir. 2011) .....................................................................................................6, 7

*Holick, et al. v. Cellular Sales of New York, LLC, et al.*,
   No. 1:13-CV-738 (N.D.N.Y) ....................................................................................................7, 8

*Lawrence v. Cohn*,
   816 F. Supp. 191 (S.D.N.Y. 1993) ...............................................................................................3

*In re Lazy Days' RV Ctr. Inc.*,
   724 F.3d 418 (3d Cir. 2013).........................................................................................................3

*Marsh & McLennan Cos., Inc. v. GIO Ins. Ltd.*,
   2013 WL 4007555 (S.D.N.Y. Aug. 6, 2013)................................................................................4

*In re McDonald*,
   205 F.3d 606 (3d Cir. 2000).........................................................................................................3

*Murray v. UBS Sec., LLC*,
   2014 WL 285093 (S.D.N.Y. Jan. 27, 2014) .................................................................................6

*Next Step Med. Co. v. Johnson & Johnson Int'l*,
   619 F.3d 67 (1st Cir. 2010)...........................................................................................................5

*Optimus Communc'ns v. MPG Assocs., Inc.*,
    841 F. Supp. 2d 722 (E.D.N.Y. 2012) ................................................................................5

*Reynolds v. de Silva*,
    2010 WL 743510 (S.D.N.Y. Feb. 24, 2010) .......................................................................4

*Robinson Brog Leinwand Greene Genovese & Gluck P.C. v. John M. O'Quinn & Assocs., L.L.P.*,
    2012 WL 2849316 (S.D.N.Y. July 11, 2012), *aff'd*, 523 Fed. Appx. 761 (2d Cir. 2013) .........5

*Salim Oleochemicals v. M/V SHROPSHIRE*,
    278 F.3d 90 (2d Cir. 2002) .................................................................................................5

*Sparling v. Hoffman Constr. Co., Inc.*,
    864 F.2d 635 (9th Cir. 1988) ..............................................................................................6

*United States v. Marks*,
    764 F. Supp. 2d 585 (W.D.N.Y. 2011) ...............................................................................3

REPLY IN FURTHER SUPPORT OF DEFENDANTS' BRIEF
ADDRESSING THE IMPACT OF THE SECOND CIRCUIT'S MANDATE

In accordance with the Court's Order, Docket Entry No. 43, Defendants Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc. (collectively "Cellular Sales") respectfully file this Reply in support of their brief addressing the impact of the Second Circuit's mandate on Cellular Sales' Motion to Dismiss Pursuant to 12(b)(1), or in the Alternative, to Compel Mediation and Stay the Proceedings Pending Mediation, and state as follows:

## INTRODUCTION

As Cellular Sales explained in their opening brief, the Second Circuit remanded this case for the Court's consideration of the *sole issue* of whether the Court's dismissal of this lawsuit without prejudice was appropriate given the potential effect of the statute of limitations on Plaintiffs' FLSA claims. (Dkt. 42). Importantly, the Second Circuit did not address or make any determination with respect to whether the statute of limitations precludes dismissal. (Dkt. 42, p. 5 n.5). Rather, that issue is for this Court to decide.

In their response brief, Plaintiffs fail to offer any legitimate reason why the Court should not dismiss this case without prejudice as it did before. In fact, instead of directly addressing the matter at issue, Plaintiffs advance numerous arguments that go well beyond the scope of the Second Circuit's mandate. First, Plaintiffs argue that the Second Circuit's mandate mooted Cellular Sales' motion to compel mediation and that this Court would "abuse its discretion" by dismissing, rather than staying, claims subject to arbitration.  However, neither of these issues is currently before the Court. The Second Circuit only remanded this case on the limited issue of whether dismissal without prejudice is appropriate in light of the statute of limitations and expressly found that Plaintiffs' remaining arguments are "without merit."  (Dkt. 42, p. 5). The Second Circuit's mandate simply seeks to confirm that, in dismissing Plaintiffs' claims without

1

prejudice, this Court took into consideration Plaintiffs' statute of limitations argument, which Plaintiffs had raised in their prior briefing to this Court in response to Cellular Sales' motion to compel mediation. In any event, none of Plaintiffs' arguments preclude dismissal.

Without citing to any support, Plaintiffs also assert that dismissal by this Court would constitute an abuse of discretion because it would potentially time-bar Plaintiffs' FLSA claims. Notably, Plaintiffs do not dispute that any time-barring of Plaintiffs' FLSA claims is entirely a consequence of Plaintiffs' own voluntary and deliberate disregard of their contractual obligations. But, even further, any time-barring caused by dismissal would be only partial and minimal because Plaintiffs have already re-filed the same claims in a separate lawsuit.

In light of these circumstances, including Plaintiffs' blatant disregard for their contractual obligations, Cellular Sales respectfully request the Court find that the statute of limitations does not preclude dismissal and order that this case be dismissed without prejudice. As explained below, any alternative decision on this matter would require this Court to unwarrantedly overrule the Court's prior decision dismissing this case without prejudice.

## ARGUMENT AND AUTHORITIES

### I. The Second Circuit Did Not Find That the Motion to Compel Mediation is Moot

Plaintiffs first argue that because Plaintiffs have now submitted their claims to mediation, Cellular Sales' motion to compel mediation is moot and this case "must proceed." (Dkt. 46, pp. 2-3). However, the Second Circuit's remand did not overturn or otherwise disturb this Court's order compelling mediation. Plaintiffs' argument exceeds the scope of the Second Circuit's mandate and should not be considered by this Court.

Specifically, the Second Circuit dismissed as moot the portion of Plaintiffs' appeal that challenged this Court's order compelling mediation. (Dkt. 42, p. 4). The Second Circuit then

held that the appeal is "dismissed in part as moot, and to the extent *not dismissed*, the judgment is vacated and the case is remanded." (*Id.* at p. 5) (emphasis added).  In other words, the Second Circuit only vacated and remanded the portion of this Court's order that dismissed Plaintiffs' claims without prejudice. Under the Second Circuit's mandate, all other portions of this Court's order, including the Court's order compelling mediation, remain undisturbed.

Simply put, the Second Circuit's remand was a limited remand in which the Second Circuit, with particularity, directed the Court on remand to reconsider only the dismissal without prejudice issue. (Dkt. 42).  Therefore, the Court should reject Plaintiffs' challenges to the Court's order compelling mediation because these challenges go beyond the scope of the limited remand in the Second Circuit's mandate. *See, e.g., United States v. Marks*, 764 F. Supp. 2d 585, 586 (W.D.N.Y. 2011) (acknowledging that the remand is "a limited remand from the Second Circuit" in which the "Second Circuit framed the issues to be resolved"); *Lawrence v. Cohn*, 816 F. Supp. 191, 197 (S.D.N.Y. 1993) (refusing to consider arguments that "go beyond the purposes of the limited remand from the Second Circuit.").

Plaintiffs further contend that a decision by this Court as to whether the case should be dismissed without prejudice would be a non-binding advisory opinion.  Plaintiffs' argument misses the point. Because this Court's decision on whether dismissal is appropriate will affect the rights of the parties, the Court's decision will not simply be an advisory opinion. S*ee, e.g., In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (holding that decree that "affect[ed] the rights of litigants," and was not an advisory opinion); *In re McDonald*, 205 F.3d 606, 609 (3d Cir. 2000) (court opinion was not advisory when it "resolved the litigation").

**II. This Court Did Not, and Will Not, Abuse Its Discretion By Dismissing This Case Without Prejudice**

Plaintiffs next argue that this Court has no discretion under the Federal Arbitration Act ("FAA") to dismiss this case without prejudice. (Dkt. 46, pp. 4-7). Alternatively, Plaintiffs assert dismissal would constitute an abuse of discretion because of the alleged potential prejudice to Plaintiffs. (*Id.* at pp. 7-9). For several reasons, the Court should reject Plaintiffs' arguments and find that this Court's prior decision dismissing Plaintiffs' claims without prejudice was proper and should stand.

**A. Because All of Plaintiffs' Claims Were Subject to Mediation, this Court Had Discretion to Dismiss the Lawsuit Without Prejudice**

As an initial matter, the Second Circuit has already rejected Plaintiffs' argument that this Court has no discretion under the FAA to dismiss the lawsuit. Indeed, Plaintiffs made this same argument in the Second Circuit. Although the Second Circuit did not directly address Plaintiffs' argument, the Second Circuit's mandate expressly states "We have considered the parties' remaining arguments on appeal and conclude that they are without merit." (Dkt. 42, p.5). The Second Circuit's finding that Plaintiffs' "remaining arguments on appeal" lack merit necessarily includes Plaintiffs' argument that the FAA required this Court to stay, rather than dismiss, this lawsuit. (*See id.*).

In any event, this Court clearly has discretion to dismiss the lawsuit without prejudice. The "Second Circuit has not required district courts to stay, rather than dismiss, litigations pending arbitration." *Marsh & McLennan Cos., Inc. v. GIO Ins. Ltd.*, 2013 WL 4007555, at *4 (S.D.N.Y. Aug. 6, 2013) (unpublished) (citing *Salim Oleochemicals v. M/V SHROPSHIRE*, 278 F.3d 90, 93 (2d Cir. 2002)); *Reynolds v. de Silva*, 2010 WL 743510, at *8 (S.D.N.Y. Feb. 24, 2010) (unpublished) ("[a]ll courts of which we are aware have followed the rule that, '[w]here all

of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings.'"). To the contrary, in *Salim*, the Second Circuit acknowledged that district courts *do have discretion* to dismiss without prejudice cases in which all claims are subject to arbitration. *Salim*, 278 F.3d at 93. Accordingly, district courts in the Second Circuit have continued to dismiss, rather than stay, actions in which all claims are arbitrable. *See, e.g.*, *Borrero v. Ruppert Housing Co., Inc.*, 2009 WL 1748060, at *2 (S.D.N.Y. June 19, 2012) (unpublished) ("[C]ourts have the discretion to dismiss—rather than stay—an action when all of the issues in it must be arbitrated"); *Robinson Brog Leinwand Greene Genovese & Gluck P.C. v. John M. O'Quinn & Assocs., L.L.P.*, 2012 WL 2849316 (S.D.N.Y. July 11, 2012), *aff'd*, 523 Fed. Appx. 761 (2d Cir. 2013) (unpublished); *Duran v. J. Hass Group L.L.C.*, 2012 WL 3233818, at *3 (E.D.N.Y. June 8, 2012) *aff'd*, 531 Fed. Appx. 146 (2d Cir. 2013) (unpublished); *Optimus Communc'ns v. MPG Assocs., Inc.*, 841 F. Supp. 2d 722, 725 (E.D.N.Y. 2012) (holding the "Mediation and Arbitration Clause" is valid and dismissing the action).

Similarly, the vast majority of circuit courts of appeals have likewise held that district courts have the authority and discretion to dismiss actions in which the district court compels all claims to arbitration. *See, e.g.*, *Next Step Med. Co. v. Johnson & Johnson Int'l*, 619 F.3d 67, 71 (1st Cir. 2010) ("[A] district court can, in its discretion, choose to dismiss the law suit, if all claims asserted in the case are found arbitrable."); *Choice Hotels Int'l Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Alford v. Dean Witter*

*Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (noting that Section 3 of the FAA was "not intended to limit dismissal of a case in the proper circumstances," such as when all claims are subject to arbitration); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

But, even further, the cases on which Plaintiffs rely do not support Plaintiffs' position. In fact, in many of the cases Plaintiffs cite, the courts *expressly* acknowledged that "[c]ourts are vested with equal discretion to dismiss rather than stay a case where, as here, all the claims before the court must be arbitrated." *See, e.g.*, *Murray v. UBS Sec., LLC*, 2014 WL 285093 (S.D.N.Y. Jan. 27, 2014) (unpublished). *See also 75-07 Food Corp. v. Trustees of United Food & Commercial Workers Local 342 Health Care Fund*, 2014 WL 691653, at *14 (E.D.N.Y. Feb. 24, 2014) (unpublished) ("*In its discretion*, the Court concludes that a stay is more appropriate *in this case*.") (emphasis added).

Accordingly, the Court should reject Plaintiffs' assertions that it would be an abuse of discretion for this Court to dismiss Plaintiffs' claims without prejudice. Because all of Plaintiffs' claims were subject to arbitration, the decision of whether to dismiss the lawsuit without prejudice lies within this Court's discretion.

**B.  Dismissal Without Prejudice is Appropriate in This Case**

Plaintiffs next contend that this Court "would abuse its discretion" by dismissing this case without prejudice because, with respect to their FLSA claims only, the Court's dismissal of their lawsuit may cause portions of Plaintiffs' FLSA claims to become barred by the statute of limitations.  For several reasons, the Court should reject Plaintiffs' arguments that the statute of limitations precludes dismissal in this case.

As an initial matter, Plaintiffs fail to cite *any* authorities to support their proposition.  The sole case on which Plaintiffs rely, *Green v. SuperShuttle Intern., Inc.*, is clearly inapposite

6

because in that case, dismissal of the lawsuit pending arbitration risked causing the plaintiffs' claims to become time-barred *in their entirety*. *Green v. SuperShuttle Intern., Inc.*, 653 F.3d 766, 770 (8th Cir. 2011) (noting that, because it is unclear whether the arbitrator will find all issues should be resolved by arbitration, if the case is dismissed, "the statute of limitations may run and bar [plaintiffs] from refiling complaints in state or federal court").

This case, however, does not involve a situation in which dismissal would bar Plaintiffs' claims in their entirety.  Unlike in the *Green* case, the statute of limitations did not bar Plaintiffs from refiling their claims. In fact, Plaintiffs have re-filed and re-asserted the *same* claims in a separate, pending lawsuit. *See Holick, et al. v. Cellular Sales of New York, LLC, et al.*, No. 1:13-CV-738 (N.D.N.Y). Instead, Plaintiffs simply complain that the Court's dismissal *partially* time-barred portions of their FLSA claims.

But, even further, as Cellular Sales explained in their opening brief, any time-barring caused by the Court's dismissal is entirely a consequence of Plaintiffs' own voluntary and deliberate conduct. (Dkt. 44, pp. 6-8). Even Plaintiffs do not dispute they deliberately disregarded their contractual obligation to submit this case to mediation before filing this lawsuit. Accordingly, the Court should find that dismissal of Plaintiffs' claims without prejudice is appropriate under the circumstances in this case.

### III.  Plaintiffs' Request for Consolidation is Improper and Should Be Denied

Furthermore, the Court should deny Plaintiffs' request that the Court consolidate this lawsuit with the subsequent lawsuit Plaintiffs filed. Plaintiffs' request for consolidation presumes that this Court will now decide that it should not have dismissed this case without prejudice in light of Plaintiffs' statute of limitations arguments.  However, as Cellular Sales explained in their briefing, **this very issue was before this Court when the Court dismissed Plaintiffs' claims.**

7

(Dkt. 44, p. 6). The Second Circuit's mandate does not express any opinion as to the propriety of the Court's dismissal and, instead, simply expresses a concern that this Court's dismissal order did not expressly note that this Court took into account Plaintiffs' statute of limitations argument in dismissing this case. (Dkt. 42, p. 5 & n.5).

As explained above, dismissal is appropriate, and no circumstances have changed since the Court's prior dismissal of this lawsuit that would now render dismissal inappropriate. Rather, the Second Circuit's mandate simply asks this Court to confirm that it considered Plaintiffs' statute of limitations argument in dismissing this case without prejudice. Accordingly, Plaintiffs' request for consolidation is premature and, therefore, should be denied.[1]

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Cellular Sales' opening brief, Cellular Sales respectfully request the Court find that the Court's prior order dismissing this lawsuit was appropriate and dismiss Plaintiffs' claims without prejudice.

Respectfully submitted,

/s/ *C. Larry Carbo, III*
C. Larry Carbo III
Texas Bar No. 24031916
Julie R. Offerman
Texas Bar No. 24070360
CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Phone: (713) 658-1818
Fax: (713) 658-2553
E-mail: larry.carbo@chamberlainlaw.com
E-Mail: julie.offerman@chamberlainlaw.com
***(Admitted Pro Hac Vice)***

---

[1] Cellular Sales also expressly incorporate by reference their objections to Plaintiffs' motion for consolidation, which Plaintiffs submitted in the subsequent lawsuit Plaintiffs filed, and which the Court denied. *See* Docket Entry No. 106 in *Holick, et al. v. Cellular Sales of New York, LLC, et al.*, No. 1:13-CV-738 (N.D.N.Y).

8

LOCAL COUNSEL:

Joseph M. Dougherty
Bar Roll No. 515968
HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Phone: (518) 436-0751
Fax: (518) 436-4751
E-mail: jdougherty@hinmanstraub.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that on May 28, 2014, I electronically filed the foregoing with the Clerk of the District using the CM/ECF system, which sent notification of such filing to the following:

    Ronald G. Dunn
    Daniel A. Jacobs
    Gleason, Dunn Law Firm
    40 Beaver Street
    Albany, New York 12207

                                                  */s/ C. Larry Carbo, III*