**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL
and TIMOTHY M. PRATT,**

                         **Plaintiff,**

**v.**                                                 **1:12-CV-00584 (NAM/CFH)**

**CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,**

                         **Defendant.**

_____

**APPEARANCES:**

Gleason, Dunn, Walsh & O'Shea
Daniel A. Jacobs, Esq.
40 Beaver Street
Albany, New York 12207
For Plaintiffs

Chamberlain, Hrdlicka, White,
Williams & Aughtry, P.C.
C. Larry Carbo, III, Esq.
Julie R. Offerman, Esq.
1200 Smith Street, Suite 1400
Houston, Texas 77002
For Defendants

Hinman Straub, P.C.
Joseph M. Dougherty, Esq.
121 State Street
Albany, New York 12207
For Defendants

**Hon. Norman A. Mordue, Senior United States District Judge:**

**ORDER**

In a order entered on March 29, 2013, the Court compelled mediation and, rather than stay proceedings pending completion of mediation, dismissed without prejudice plaintiffs' claims for compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law ("NYLL") N.Y. Labor Law Art. 6, § 190 et seq., and New York Common Law. Dkt. No. 38. Plaintiffs appealed. Dkt. No. 40.

Because the parties completed mediation while the appeal was pending, the Second Circuit dismissed as moot "that part of the appeal challenging the district court's order compelling mediation." *Holick v. Cellular Sales of New York, LLC*, 559 F. App'x 40, 42 (2d Cir. 2014). The Second Circuit, however, vacated the order of dismissal and remanded the case for further proceedings because of the potential statute of limitations bar to refiling the complaint:

> While plaintiffs, in opposing 12(b)(1) dismissal, alerted the district court to possible statute of limitations concerns, we cannot confidently conclude on the record before us that plaintiff had notice and opportunity to alert the district court that these concerns also pertained to dismissal without prejudice pending mediation. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (stating that court generally "may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard"); *accord Mojias v. Johnson*, 351 F.3d 606, 610–11 (2d Cir. 2003). Nor can we conclude that the district court ever considered any limitations bar in ordering dismissal. Accordingly, we vacate the order of dismissal without prejudice and remand to the district court for further proceedings consistent with this order.

*Id*. at 43.

In a Text Order entered on April 17, 2014, the Court directed the parties to submit briefs addressing the impact of the Second Circuit's mandate. Dkt. No. 43. Defendants maintain that "the Court properly exercised its discretion in dismissing Plaintiffs' claims without prejudice" because "Plaintiffs could have avoided the alleged time-barring issues had [they] simply

submitted their claims to mediation before filing this lawsuit as they agreed under their contracts with Cellular Sales." Dkt. No. 44. Plaintiffs assert that the Court should "dismiss Cellular Sales'[s] motion to compel mediation as moot" and "proceed with Plaintiffs' claims under the [FLSA]", which "should be deemed to relate-back to the date of this action's commencement on April 4, 2012." Dkt. No. 46.

As stated, the Second Circuit dismissed as moot plaintiffs' appeal of the Court's order compelling mediation. Thus, that order remains intact. The Second Circuit only vacated the judgment to the extent it dismissed the complaint. Defendants urge the Court to reconsider dismissing this action based on plaintiffs failure to submit to mediation prior to filing this lawsuit. The Court declines to do so, however, in view of the statute of limitations that may bar plaintiffs from refiling their claims even if they are dismissed without prejudice. Mediation is complete, thus there is no impediment to the progression of this case.

Because this case and *Holick v. Cellular Sales of New York, LLC*, 1:13-cv-00738, share a "common question of law or fact", the Court consolidates them pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and assigns United States Magistrate Judge Christian F. Hummel as the Magistrate Judge for both cases.

Accordingly, it is

**ORDERED** that this case be reopened in accordance with the Second Circuit's Mandate vacating the Judgment entered on March 29, 2013 (Dkt. No. 39); and it is further

**ORDERED** in the interests of economy and avoidance of unnecessary duplication of effort and litigation expense, this action 1:12-CV-00584(NAM/CFH) is hereby consolidated with 1:13-CV-00738(NAM/RFT). This action, 1:12-CV-00584(NAM/CFH), is now designated as the

-3-

lead case and the action subsequently commenced by the plaintiffs, 1:13-CV-00738(NAM/RFT), is designated as the member case, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to later apply to the assigned trial judge for an order consolidating the cases for trial. **ALL FUTURE FILINGS MUST BE FILED ONLY IN THE LEAD CASE,1:12-CV-00584(NAM/CFH). NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE, 1:13-CV-00738(NAM/RFT)**, and it is further

**ORDERED** that in view of the substantial involvement of United States Magistrate Judge Randolph Treece in handling discovery matters in the member case, 1:13-CV-00738, the Clerk of the Court is directed to assign lead case, 1:12-CV-00584(NAM/CFH) to United States Magistrate Judge Treece.

**IT IS SO ORDERED.**

Date: October 21, 2014

Norman A. Mordue
Senior U.S. District Judge