**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAN P. HOLICK, JR., STEVEN MOFFITT, JUSTIN MOFFITT, GURWINDER SINGH, JASON MACK, WILLIAM BURRELL, and TIMOTHY M. PRATT

Plaintiffs, on behalf of themselves and all others similarly situated,

Case No. 1:13-CV-738 [NAM/RFT]

-against-

CELLULAR SALES OF NEW YORK, LLC, and CELLULAR SALES OF KNOXVILLE, INC.,

Defendants.

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**
**TO PLAINTIFF DANIEL BECKER**

TO: Plaintiff Daniel Becker, by and through his attorney of record, Ronald G. Dunn, Gleason, Dunn Law Firm, 40 Beaver Street, Albany, New York 12207

Defendants serve their First Requests for Production upon Plaintiff Daniel Becker pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Within thirty (30) days after service of these Requests for Production, you must serve a written response to the undersigned attorney, C. Larry Carbo III, at the offices of Chamberlain, Hrdlicka, White, Williams & Aughtry, 1200 Smith Street, Suite 1400, Houston, Texas 77002, including the production of the items requested.

In the event you object to a request, specifically state the basis for your objection, the extent to which you refuse to comply with the request, and comply with any portion of a request to which you have made no objection.

**EXHIBIT D**

In the event you assert a privilege to a request, submit a schedule describing the information and materials withheld which will enable Defendants to assess the applicability of the privilege. Furthermore, assert a specific privilege for each item or group of items withheld pursuant to the asserted privilege.

**DEFINITIONS AND INSTRUCTIONS**

A. As used herein, the terms "Plaintiff," "you," and "your" shall mean Plaintiff Daniel Becker and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on the behalf of Daniel Becker.

B. As used herein, the term "Sales Company" shall mean Ingenuity of New York, LLC and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on the behalf of Ingenuity of New York, LLC.

C. As used herein, the term "Defendants" or "Cellular Sales" shall mean Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc., and all employees and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on their behalf.

D. As used herein, the phrase "relevant time period" shall mean time periods prior to January 1, 2012.

E. As used herein, the terms "documents" and "tangible things" shall include all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, care, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity.

The terms "documents" and "tangible things" shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; Facebook (or other social networking) postings; files; instant messages; instructions; invoices; ledgers, journals, balance sheets, profit

and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; text messages; Twitter communications; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner, such as .pdf or in its native format.

F. A document or tangible thing is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

G. "Person" or "persons" means any natural person, firm, partnership, association, joint venture, corporation and any other form of business organization or arrangement, as well as any government or quasi-governmental agency. If other than a natural person, include all natural persons associated with such entity.

H. These requests shall be deemed continuing so as to require supplemental production pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## RESPONSIVE ITEMS NOT PRODUCED

I. For each document or other requested information that you assert is privileged or for any other reason outside the scope of discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

J. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the evidence or nonexistence of each document that cannot be located.

**USE OF DEFINITIONS**

K. The use of any particular gender in the plural or singular number of the words defined under section labeled "Definitions and Instructions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including logs, diaries, calendars and other records, that evidence or reflect the number of hours you worked for Defendants during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All documents which reflect compensation you received from Defendants for work performed during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents that show the hours you worked during each week for which you claim to be owed overtime compensation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents that show the hours you worked during each week for which you claim to be owed minimum wage compensation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All documents that show the hours you worked during each week for which you claim you did not receive at least $10.88.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to or reflecting your alleged damages in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All written or recorded statements from any person, in any form, which pertain to your allegations of liability or damages in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All correspondence and communications, whether written or electronic, including emails and text messages, between you and any other person regarding the subject matter of the events giving rise to your claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications supporting your contention that Cellular Sales of Knoxville, Inc. was your “employer” for purposes of the Fair Labor Standards Act during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications you contend support your contention that Defendants acted willfully or that you are otherwise entitled to liquidated damages or a three-year statute of limitations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the formation of your Sales Company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents showing services performed by your Sales Company for any business entity or individuals other than Cellular Sales, including, but not limited to, all contracts your Sales Company entered into, all Forms 1099 relating to your Sales Company, all invoices issued by your Sales Company, and all documents showing any payments your Sales Company received from any other business entity or individuals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications showing or relating to advertisements and advertising by you or your Sales Company of their services, including, but not limited to, print and online ads, posters or fliers, emails to customers and prospects, and postings on social media sites or forums, including Facebook, Twitter, or other websites, and communications and contracts with advertising agencies, during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents you contend support your allegation that you or your Sales Company was not an independent contractor of Defendants during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All documents in your possession that support or relate to the allegation that Defendants exercised "extensive control over how Sales Representatives employed at retail store locations operated by Cellular Sales of New York performed their duties," as alleged in Paragraphs 28 and 29 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents in your possession that support or relate to the allegation that your duties as a sales representative of Defendants included "maintaining the cleanliness and tidiness of the retail store locations in a pristine condition," as alleged in Paragraph 48 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All documents in your possession that support or relate to the allegation that Defendants required you to "devote a minimum number of hours per day and/or week to perform [your] duties" as a sales representative, as alleged in Paragraph 57 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All documents in your possession that support or relate to the allegation that Defendants required you to "primarily work from Defendants' fixed retail store locations in New York," as alleged in Paragraph 58 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All documents in your possession that support or relate to the allegation that Cellular Sales "established product and service pricing guidelines" for products and services sold or marketed by you or your Sales Company, as alleged in Paragraph 62 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All documents in your possession that support or relate to the contention that all sales made by you "were subject to Defendants' approval," as alleged in Paragraph 63 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All documents in your possession that support or relate to the allegation that "at all relevant times," Defendants required you "to report to one or more supervisors employed by Defendants," as alleged in Paragraph 66 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All documents in your possession that support or relate to the allegation that Cellular Sales required you to attend monthly meetings, as alleged in Paragraph 67 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All documents in your possession that support or relate to the allegation that Defendants required you to "adhere to various sales scripts and instructions on how to market and sell Verizon Wireless products and services, and on attaining minimum sales figures," as alleged in Paragraph 68 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All documents supporting or relating to any disciplinary actions you contend Defendants imposed or took against you or your Sales Company during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All documents in your possession that support or relate to the allegation that Cellular Sales required you to "provide business cards to customers at Defendants' retail store locations," as alleged in Paragraph 74 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All documents in your possession that support or relate to the allegation that Cellular Sales required you to "provide 'Thank You' cards to Defendants' customers," as alleged in Paragraph 75 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

All documents in your possession that support or relate to the allegation that you were "required to personally perform sales functions on behalf of Defendants," as alleged in Paragraph 77 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents in your possession that support or relate to the allegation that you were "not fully compensated for all compensable work performed prior to January 1, 2012" in violation of the Fair Labor Standards Act, as alleged in Paragraph 85 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to the termination of your Sales Company's relationship with Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

All documents in your possession that support or relate to the allegation that members of the opt-in class had "substantially similar job requirements and pay provisions and are subject to common practice, policy, or plan" during the relevant time period, as alleged in Paragraph 146 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

All documents in your possession that support or relate to the allegation that "[p]ursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the prospective FLSA Class," as alleged in Paragraph 150 of Plaintiffs' Consolidated Master Amended Collective and Class Action Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

All documents supporting your contention that the retail service exemption under the FLSA does not apply to you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

All documents reflecting or relating to your job duties for work performed for Cellular Sales during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

All documents prepared or reviewed by investigators or experts hired to assist you in this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications in which you objected to or complained of the manner in which Defendants paid you or your Sales Company commissions during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

All communications related to your work for Defendants during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Copies of each and every document you intend to introduce into evidence in support of your case at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

Any offer of work as an independent contractor you or your Sales Company has received, whether accepted or not.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

All documents that show employment or work as an independent contractor for which you or your Sales Company has applied.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

All documents showing work or jobs that either you or your Sales Company held or performed as an independent contractor on behalf of any individual or entity other than Cellular Sales.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

All contracts between your Sales Company and any individual or entity other than Cellular Sales.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications relating to your Sales Company's hiring of employees, including all contracts and agreements between your Sales Company and the employees your Sales Company hired and all compensation paid by your Sales Company to those employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

All documents, including communications, invoices, and contracts, relating to every individual or entity you or your Sales Company contracted or partnered with during the relevant time period to perform services related to the services you performed for Cellular Sales, including advertising and administrative services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

All documents which concern facilities, equipment, tools, or supplies provided by Cellular Sales to you or your Sales Company during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

All documents which concerns meetings and/or training sessions you contend Defendants required you to attend during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

All documents, including communications, relating to services you or your Sales Company performed for Cellular Sales during the relevant time period at locations other than Cellular Sales' retail locations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

Documents and things related to any application made for unemployment compensation that you have made relating to the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

All federal and state tax returns or forms filed by you or your Sales Company for the years during which your Sales Company either contracted with or received compensation from Cellular Sales.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

All documents in your possession that are identified or referenced in Plaintiffs' Rule 26 initial disclosures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

All documents in your possession that were provided to you or your Sales Company by Cellular Sales during the relevant time period.

**RESPONSE:**

Respectfully submitted,

C. Larry Carbo, III.
SBOT #24031916
larry.carbo@chamberlainlaw.com
Julie R. Offerman
SBOT #24070360
julie.offerman@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 [fax]
***(Pro Hac Vice)***

Joseph M. Dougherty
Bar Roll No. 515968
HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Phone: (518) 436-0751
Fax: (518) 436-4751
E-mail: jdougherty@hinmanstraub.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via hand delivery, email, facsimile, U.S. Mail, and/or certified mail, return receipt requested, on this the 2nd day of August 2016, to the following:

Ronald G. Dunn
Daniel A. Jacobs
Gleason, Dunn Law Firm
40 Beaver Street
Albany, New York 12207

2205621.1
005322.000139