IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL, and
TIMOTHY M. PRATT

        Plaintiffs, on behalf
        of themselves and all  Case No. 1:13-CV-738 [NAM/RFT]
        others similarly
        situated,

  -against-

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

        Defendants.
_____

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF DOUGLAS CAMP**

TO: Plaintiff Douglas Camp, by and through his attorney of record, Ronald G. Dunn, Gleason, Dunn Law Firm, 40 Beaver Street, Albany, New York 12207

  Defendants, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serve their First Set of Interrogatories ("Interrogatories") on Plaintiff Douglas Camp ("Plaintiff") as follows. Defendants demand that Plaintiff answer the interrogatories in accordance with the definitions and instructions set forth below within the time provided by the Federal Rules of Civil Procedure.

**EXHIBIT F**

## **INSTRUCTIONS**

In answering these Interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or investigators or other agents of your attorneys and not merely such information known of your own personal knowledge.

If you cannot answer the following Interrogatories in full after exercising due diligence to obtain the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and setting forth whatever information or knowledge you have concerning the unanswered portions.

If in responding to any interrogatory you claim any ambiguity in either the interrogatory or a definition or instruction applicable thereto, you shall make your best efforts to interpret the Interrogatory, definition or instruction within the context of this litigation and identify in your response the language you consider ambiguous and include in your response the construction, interpretation or assumptions upon which your response is made.

In the event that you claim any burden or oppression as to any Interrogatory herein, you shall state the reason for such claim, the number of files and/or the documents that need to be searched to respond to the Interrogatory, their location, the time you claim will be required to respond to the Interrogatory, and the cost of such a search.

To the extent that you consider any Interrogatory to be objectionable, you shall respond to that portion of the Interrogatory to which you have no objection and shall separately state the portion of the Interrogatory to which you lodge an objection, stating the specific grounds upon which you object.

If you submit documents in response to any Interrogatory, your documents shall be produced in the manner in which they are kept in the ordinary course of business and shall be identified by the particular Interrogatory to which they are responsive.

If a claim of privilege is asserted as to any information requested in any of the following Interrogatories, the information and asserted privilege should be completely described, including the following information:  (a) the nature of the privilege claimed; (b) the identity and position of the person(s) supplying the information; (c) the name and address of each person to whom the information has been communicated; and (d) a brief description or summary of the information sufficient to explain the privilege involved.

These Interrogatories are continuing in nature and are to be supplemented in accordance with the Federal Rules of Civil Procedure.

## **DEFINITIONS**

A.      As used herein, the terms "Plaintiff," "you," and "your" shall mean Plaintiff Douglas Camp and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on the behalf of Douglas Camp.

B.      As used herein, the term "Sales Company" shall mean DRC Cellular Sales, LLC and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on the behalf of DRC Cellular Sales, LLC.

C.      As used herein, the term "Defendants" or "Cellular Sales" shall mean Cellular Sales of New York, LLC and Cellular Sales of Knoxville, Inc., and all employees and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on their behalf.

D.      As used herein, the phrase "relevant time period" shall mean the entire time period prior to January 1, 2012.

E.      As used herein, the terms "documents" and "tangible things" shall include all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, care, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity.

The terms "documents" and "tangible things" shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; Facebook (or other social networking) postings; files; instant messages; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations,

commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; text messages; Twitter communications; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner, such as .pdf or in its native format.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the total number of hours that you contend you worked for which you were entitled to, but did not, receive overtime compensation and identify the dates and the workweek during which you worked those hours.

**ANSWER:**

### INTERROGATORY NO. 2

For each workweek in which you claim you earned, but were not paid, overtime compensation, if any, state the following:

a. The total number of hours you contend you worked during the workweek;

b. The total number of hours during the workweek for which you claim you are owed, but did not receive, overtime compensation; and

c. The amount in overtime compensation you claim Defendants were obligated, but failed, to pay to you for work performed during the workweek.

**ANSWER:**

### INTERROGATORY NO. 3

Identify the total number of hours that you contend you worked for which you did not receive at least minimum wage and state the dates and the workweek during which you worked those hours.

**ANSWER:**

### INTERROGATORY NO. 4

For each workweek in which you claim you earned, but were not paid, minimum wage, if any, state the following:

a. The total number of hours you contend you worked during the workweek;

b. The total number of hours during the workweek for which you claim you are owed, but did not receive, minimum wage;

    c. The amount in minimum wages you claim Defendants were obligated, but failed, to pay to you for work performed during the workweek.

**ANSWER:**

**INTERROGATORY NO. 5**

For each claim you assert in this lawsuit, identify the total amount of wages you seek to recover and the basis for that calculation.

**ANSWER:**

**INTERROGATORY NO. 6**

For each workweek prior to January 1, 2012 in which you performed services for Cellular Sales, identify the precise number of hours of work you performed for Cellular Sales and the location at which you worked those hours.

**ANSWER:**

**INTERROGATORY NO. 7**

If, in responding to Interrogatory No. 6, you are unable to provide the precise number of hours you worked during each workweek, then for each workweek prior to January 1, 2012 in which you performed services for Cellular Sales, provide an approximation or estimate of the number of hours of work you performed for Cellular Sales and the factual basis for that estimate.

**ANSWER:**

**INTERROGATORY NO. 8**

If you claim that you were required to attend a meeting or training held by Cellular Sales for which you were entitled to, and did not, receive monetary compensation, identify each meeting and training, the date when the meeting and training occurred, and the amount of time you spent at the meeting or training.

**ANSWER:**

**INTERROGATORY NO. 9**

Identify every company or individual for whom you or your Sales Company has performed services as an independent contractor.

**ANSWER:**

**INTERROGATORY NO. 10**

Identify any position as an independent contractor for which you or your Sales Company has applied.

**ANSWER:**

**INTERROGATORY NO. 11**

Identify all individuals or entities for whom your Sales Company has performed any services or with whom your Sales Company has contracted.

**ANSWER:**

**INTERROGATORY NO. 12**

State in detail the specific legal and factual basis for your contention that Cellular Sales misclassified you or your Sales Company as an independent contractor during the relevant time period.

**ANSWER:**

**INTERROGATORY NO. 13**

State in detail the specific legal and factual basis for your contention that the retail service exemption under the Fair Labor Standards Act, 29 U.S.C. § 207(i), did not apply to you or your Sales Company during the relevant time period.

**ANSWER:**

**INTERROGATORY NO. 14**

Identify the facts and evidence you contend support your contention that Cellular Sales of Knoxville, Inc. was your "employer" for purposes of the FLSA during the relevant time period.

**ANSWER:**

**INTERROGATORY NO. 15**

State in detail the specific legal and factual basis for your contention that Cellular Sales willfully violated the Fair Labor Standards Act.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify every individual and entity you or your Sales Company hired, partnered with, or contracted with to perform any services relating to the services you or your Sales Company performed for Cellular Sales during the relevant time period, including advertising, bookkeeping, and administrative services.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify the first and last day on which you performed services for Cellular Sales.

**ANSWER:**

Respectfully submitted,

*[signature: Larry Carbo]*

C. Larry Carbo, III.
SBOT #24031916
larry.carbo@chamberlainlaw.com
Julie R. Offerman
SBOT #24070360
julie.offerman@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS
  & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 [fax]
***(Pro Hac Vice)***

Joseph M. Dougherty
Bar Roll No. 515968
HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Phone:  (518) 436-0751
Fax:  (518) 436-4751
E-mail: jdougherty@hinmanstraub.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served via hand delivery, email, facsimile, U.S. Mail, and/or certified mail, return receipt requested, on this the 9th day of September 2014, to the following:

    Ronald G. Dunn
    Daniel A. Jacobs
    Gleason, Dunn Law Firm
    40 Beaver Street
    Albany, New York 12207

*[signature: Larry Carbo]*

1614774_1