**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAN P. HOLICK, JR., STEVEN MOFFITT,
JUSTIN MOFFITT, GURWINDER SINGH,
JASON MACK, WILLIAM BURRELL, and
TIMOTHY M. PRATT,

                Plaintiffs, on behalf
                of themselves and all
                others similarly situated,

- v -                                  Civ. No. 1:12-CV-584
                                          (NAM/DJS)
CELLULAR SALES OF NEW YORK, LLC, and        (Lead Case)[1]
CELLULAR SALES OF KNOXVILLE, INC,

                Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GLEASON, DUNN LAW FIRM | DANIEL A. JACOBS, ESQ. |
| *Attorneys for Plaintiffs* | RONALD G. DUNN, ESQ. |
| 40 Beaver Street | |
| Albany, New York 12207 | |
| | |
| CHAMBERLAIN, HRDLICKA LAW FIRM | CHARLES L. CARBO, III, ESQ. |
| *Attorneys for Defendants* | JULIE R. OFFERMAN, ESQ. |
| 1200 Smith Street, Suite 1400 | |
| Houston, Texas 77002 | |
| | |
| HINMAN, STRAUB LAW FIRM | JOSEPH M. DOUGHERTY, ESQ. |
| *Attorneys for Defendants* | |
| 121 State Street | |
| Albany, New York 12207 | |

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court previously consolidated with this action the matter of Holick v. Cellular Sales of New York, LLC, 1:13-cv-00738, with 1:12-CV-584 designated the lead case and 1:13-CV-00738 the member case. (See Dkt. No. 49).

## ORDER

The Defendants have filed a Letter-Motion with the Court to compel, *inter alia*,[2] production of communications between Plaintiff Jan Holick and several other opt-in or potential opt-in Plaintiffs, as well as Facebook communications with Shane Baringer, William Burrell, and Jason Mack.  Dkt. Nos. 242, 242-21   In response to the Motion, Plaintiffs submitted a Letter-Brief concerning these communications and the objections that were raised by them in response to the Discovery Demands, including that the Demands were vague and overbroad, as well as the fact that the requested information implicated the common interest privilege.  Dkt. No. 244.  Defendants then replied to those assertions.  Dkt. No. 248.  By Text Order dated October 24, 2017 the Court directed that the Plaintiffs provide the Court with copies of the disputed communications for an *in camera* review.  Dkt. No. 255.  That documentation was provided to the Court in several forms, with the final delivery being made on January 17, 2018.

The contours of the common interest privilege are specifically set forth in *Lapointe v. Target Corporation*, 2017 WL 1397317 (N.D.N.Y. March 6, 2017), and need not be restated.  Ultimately is not necessary for the Court to identify each of the communications which falls within the common interest privilege (and many do not), because having reviewed the entirety of the *in camera* submissions, the Court finds that *none* the communications are relevant to this FLSA case.  The vast majority of the communications

---

[2] This Letter refers as well to other requests to compel certain discovery, which was the subject of a separate formal Motion, and which has been addressed by way of a separate Order.  Dkt. Nos. 267 & 306.

discuss the deposition process; what to bring; what the wear; the heat in the deposition room; and other more generalized advice. A few of the documents do relate to communications between Plaintiff Jan Holick and others concerning the existence of the class action lawsuit and their ability to join it, as well as the contact information for the Plaintiff's attorneys, but once again none of these communications are relevant to the disputed facts of this case. As a result of the *in camera* review, the Court concludes that the requested communications are not proportionally relevant and, in some cases, privileged, and therefore will not compel their production.

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants Motion to Compel (Dkt. No. 242) is **denied**, and it is further

**ORDERED**, that the Plaintiffs counsel retrieve from the Court's Court Room Deputy, Maria Blunt, the print out of disputed communications, and maintain those documents for the pendency of the present action, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

**SO ORDERED.**

Date: March 29, 2018
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge