UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAN P. HOLICK, JR., *et al.*,

                               Plaintiffs,

                  v.                          1:12-CV-584
                                                         (DJS)

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                               Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GLEASON, DUNN,<br>WALSH, & O'SHEA<br>Attorneys for Plaintiffs<br>40 Beaver Street<br>Albany, New York 12207 | RONALD G. DUNN, ESQ.<br>CHRISTOPHER M. SILVA, ESQ. |
| CHAMBERLAIN HRDLICKA<br>Attorneys for Defendants<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002 | CHARLES L. CARBO, III, ESQ.<br>JULIE R. OFFERMAN, ESQ. |
| HINMAN STRAUB<br>Attorneys for Defendants<br>121 State Street<br>Albany, New York 12207 | DAVID T. LUNTZ, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

    This case, brought pursuant to the Fair Labor Standards Act ("FLSA") and New

York Labor Law ("NYLL"), came before the Court for a bench trial following an

extensive pretrial history. After trial, the Court found that Plaintiffs, with the exception of Justin Moffitt, were successful in establishing that they were employees pursuant to the FLSA and NYLL, and that they were entitled to damages for unpaid overtime and minimum wage. Plaintiffs now move for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54. Dkt. Nos. 486 & 490. Defendants oppose the Motion, Dkt. No. 502, and Plaintiffs have submitted a Reply, Dkt. No. 505.

## II.  PROCEDURAL HISTORY

Plaintiffs Jan Holick, Steven Moffitt, Justin Moffitt, Gurwinder Singh, Jason Mack, William Burrell, and Timothy Pratt filed a collective and class action complaint against Cellular Sales of New York ("CSNY") and Cellular Sales of Knoxville, Inc. ("CSK") (collectively "Cellular Sales") asserting claims for alleged violations of FLSA and NYLL minimum wage and overtime requirements.

In February of 2014, the Court so ordered the parties' stipulation for conditional certification of a collective action. *See Holick et al. v. Cellular Sales of New York, LLC et al.*, Case No. 1:13-CV-738, Dkt. No. 83. In October of 2015, the Court approved the parties' stipulation to expand the collective, and forty-seven opt-in plaintiffs joined in the action. Dkt. Nos. 95 & 377-2. In October of 2018, Plaintiffs moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and Defendants moved to decertify the Court's conditional certification of the collective action. Dkt. Nos. 345 & 377. In April of 2019, the District Court denied Plaintiffs' motion for class certification and granted Defendants' motion for decertification, finding Plaintiffs failed to demonstrate that the issue of whether the putative class members were independent

contractors or employees was capable of resolution through classwide proof. *See Holick v. Cellular Sales of New York*, LLC, 2019 WL 1877176 (N.D.N.Y. Apr. 26, 2019). The District Court thus dismissed the claims of the opt-in plaintiffs and ordered the action proceed on behalf of the current Plaintiffs.

Plaintiffs also moved for partial summary judgment and Defendants moved for summary judgment; the District Court denied Plaintiffs' motion and granted Defendants' motion in part, dismissing certain of Plaintiffs' causes of action but finding that material facts were in dispute as to whether Plaintiffs were employees or independent contractors under the FLSA and NYLL. Dkt. No. 431. The parties then consented to the undersigned for purposes of trial. Dkt. No. 436.

After trial, the Court found that the remaining Plaintiffs ("Named Plaintiffs") were employees of Defendants. The Court determined, based upon a stipulation of the parties as to the amount of compensatory damages that each Plaintiff would be entitled to in the event of a determination that each was an employee of Defendants, plus liquidated damages and prejudgment interest on compensatory damages, that Plaintiffs were entitled to damages in the following amounts: $3,224.49 for Plaintiff Holick; $126.85 for Plaintiff Moffitt; $3,981.12 for Plaintiff Singh; $299.30 for Plaintiff Mack; $1,029.91 for Plaintiff Burrell; and $2,459.54 for Plaintiff Pratt. Dkt. No. 483.

As the prevailing party, Plaintiffs are entitled to an award of reasonable attorney's fees pursuant to both the FLSA and NYLL. N.Y. Lab. Law §§ 198 & 663(1); 29 U.S.C. § 216(b). Plaintiffs seek attorney's fees in the amount of $961,450.50. Dkt. No. 490-1, Dunn Aff., ¶ 5. They also seek costs in the amount of $46,065.84. *Id.* at ¶ 116.

### III.  ATTORNEY'S FEES

#### A.  Standard

The Fair Standards Labor Act and the New York Labor Law provide that the Court shall award reasonable attorney's fees to the prevailing plaintiffs.  29 U.S.C. § 216; N.Y. Lab. Law §§ 198 & 663(1).  In reaching a reasonable attorney's fee, the Court must determine the reasonable hourly rates and reasonable hours expended on the litigation.  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "A reasonable rate is generally the 'prevailing market rate[ ] for counsel of similar experience and skill to the fee applicant's counsel.'  In deciding what constitutes a reasonable rate, a court may consider 'rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'"  *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 655-67 (S.D.N.Y. 2019) (quoting *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005)) (internal citation omitted).

In calculating the reasonable number of hours, the court may consider a number of factors, drawing on its own experience.  Those factors may include

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany & Albany Cty. Bd. Of Elections*, 522 F.3d 182, 186 n. 3 (2d Cir. 2008) (citation omitted). "[T]he most critical factor . . . 'is the degree of success obtained' by the plaintiff." *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). "Where 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount,' even if plaintiff's 'claims were interrelated, nonfrivolous, and raised in good faith.'" *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d at 656 (quoting *Hensley v. Eckerhart*, 461 U.S. at 436). "Attorneys' fees may be awarded for unsuccessful claims as well as successful ones, however, where they are 'inextricably intertwined and involve a common core of facts or are based on related legal theories.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

In calculating the reasonable number of hours expended "the court takes account of claimed hours that it views as excessive, redundant, or otherwise unnecessary." *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d at 656 (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)) (internal quotation marks omitted). "The relevant issue is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 208-09 (E.D.N.Y. 2007) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). "A district court should exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation due to, for example, 'overstaff[ing].'" *Id.* at 209 (quoting *Hensley v. Eckerhart*, 461 U.S. at 434). "Courts in this Circuit have recognized a district

court's authority to make across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended. These across-the-board cuts are based in part on the degree of success achieved by plaintiffs." *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d at 656-57.

However, "the Second Circuit has 'repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d at 211 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)); *see also Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020). Accordingly, the amount may not be reduced "simply because a plaintiff recovered a low damage award." *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d at 211 (quoting *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d at 526 (2d Cir. 1991)). As such, the Court cannot reduce the fee award simply because it is disproportionate to the award recovered.

### B. Application

*1. Reasonable Rate*

Plaintiffs' counsel seek hourly rates of $175 or $200 for associate attorneys, $350 for partners, and $80 for paralegals. Dunn Aff. at p. 27. Defendants do not object to this hourly rate. "Cases in this district have found reasonable rates to generally be $275-$350 for experienced partners, $165-$200 for junior associates, and $90 for paralegals." *Car Freshner Corp. v. Scented Promotions, LLC*, 2020 WL 5757475, at *8 (N.D.N.Y. Sept. 28, 2020); *see also State Univ. of New York v. Triple O, LLC*, 2020 WL 6196152, at *1 (N.D.N.Y. Oct. 22, 2020) (adopting hourly rates of $350 for an experienced partner, $203

for an associate, and $90 for a paralegal).  The Court finds that this rate is reasonable, considering the experience of the attorneys as outlined in Plaintiffs' submissions and considering the locality.

### 2. Reasonableness of the Requested Fees

The Court has reviewed the parties' submissions, including reviewing in detail Plaintiffs' billing records and Defendants' annotated version of the same.  Dkt. Nos. 490 & 502.  Upon review of those records and the arguments of the parties, the Court concludes that for the reasons set forth below, Plaintiffs' request for fees should be reduced by forty percent.

#### a. Degree of Success

Initially, the Court looks to the degree of success, "the most critical factor" in determining reasonable attorney's fees.  *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d at 152 (quoting *Farrar v. Hobby*, 506 U.S. at 114).  "A district court's assessment of the degree of success achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims.  Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved."  *Id.* at 152 (internal citations and quotation marks omitted).

Courts reduce attorney's fees in FLSA cases where the plaintiffs were unsuccessful in pursuing a collective action or a class action.  This is so because in such a case "the reasonableness of the attorney's fees incurred linked directly to the ability to maintain the case as an FLSA collective action."  *Id.* at 153.  This is particularly the case where

plaintiffs sought a large recovery amount based upon such collective or class action, and where plaintiffs' counsel expended a significant amount of time pursuing the collective or class action claims.

The Second Circuit made the propriety of this reduction clear in Barfield. *Id.* at 151.

> Following *Barfield*, district courts within this Circuit have generally reduced plaintiffs' requested fees for successful class certification or collective-action motions, sometimes making this reduction as an adjustment to the lodestar, and other times simply reducing the number of hours expended by counsel in preparing such motions. *See, e.g., Gonzalez*, 112 F.Supp.3d at 13 (accounting for unsuccessful class certification motion by identifying line-items attributable to the motion and reducing hours accordingly); *White v. W. Beef Prop., Inc.*, No. 07cv2345 (RJD)(JMA) (E.D.N.Y. Sept. 30, 2014) (reducing lodestar by 33 percent in light of unsuccessful Rule 23 certification motion and dismissal of most opt-in plaintiffs after decertification of collective action). Further, courts have typically reduced the hours spent by counsel on unsuccessful motions to certify a class under Rule 23, even where the plaintiffs successfully moved for certification as a collective action. *See, e.g, Gonzalez*, 112 F.Supp.3d at 13.

*Siegel v. Bloomberg L.P.*, 2016 WL 1211849, at *10 (S.D.N.Y. Mar. 22, 2016). In addition, fees should be reduced to account for time spent on Plaintiffs' claims that were dismissed, unless they are "inextricably intertwined and involve a common core of facts or are based on related legal theories. *Williams v. Epic Sec. Corp.*, 68 F. Supp. 3d at 656 (quoting *Quarantino v. Tiffany & Co.*, 166 F.3d at 425).

Here, the Court must reduce Plaintiffs' fees due to the limited degree of success obtained on their claims. Plaintiffs were ultimately not successful in their pursuit of class and collective actions – when Plaintiffs moved for class certification and Defendants moved to decertify the collective actions following discovery, the District Court denied

Plaintiffs' motion and granted Defendants' motion to decertify.  Dkt. Nos. 345, 377, & 430.  Initially, as Defendants outline in their submissions, Plaintiffs sought a total of over four million dollars in damages, and the Named Plaintiffs claimed $681,897.05 in damages.  After trial, the Court awarded a total of $11,121.21 for overtime and minimum wage for the Named Plaintiffs except for Justin Moffitt, including liquidated damages and pre-judgment interest.  The significance of the class certification and collective certification is further evidenced by counsel's own estimation that approximately 1,069 hours, or eighteen percent of their time, was devoted exclusively to this issue.  Dunn Aff. at ¶ 33; *see* Dkt. No. 490-2.  "It is against this background of anticipated relief" that Plaintiffs' recovery "appears to reflect only a small degree of success." *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d at 152.  "[T]he reasonableness of the attorney's fees incurred linked directly to the ability to maintain the case as an FLSA collective action." *See id.* at 153.  Plaintiffs clearly only achieved limited success when considering the failure of the collective and class action.

The Court is not persuaded by Plaintiffs' argument that their own voluntary reduction in the fee application based on work attributable to the collective and class action sufficiently addresses this limited success.  First, *Barfield* rejected a similar argument finding that while it had "the virtue of simple application," it did not adequately address the truly limited nature of the success given the importance of the collective action from the outset of the litigation.  *Id.* at 153.  Second, as Defendants point out, it is not clear that Plaintiffs' voluntary reduction fully encompassed all requested fees related to the broader collective and class action components of the case.  For example, there are a

significant number of entries not excluded by Plaintiffs that pertain to, *inter alia*, meetings regarding the class action, correspondence with opt-in plaintiffs, and discovery related to opt-in plaintiffs.  *See* Dkt. No. 502-1, Carbo Aff., Ex. A-1 (highlighting in purple entries regarding work performed on behalf of the former opt-in plaintiffs).

Defendants also assert that a reduction is necessary because the Named Plaintiffs were not successful on certain claims that were dismissed on summary judgment, specifically unlawful wage deduction claims, untimely commissions claims, and compensable work claims. Dkt. No. 431. "Claims are intertwined when they are based on a common core of facts, related legal theories, or require essentially the same proof." *Sanchez v. Oceanside First Class Roofing, Inc.*, 818 Fed. Appx. 106, 108 (2d Cir. 2020) (summary order) (quoting *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 194 n.6 (2d Cir. 2000)).  Here, Plaintiffs' claims were all based upon the terms of the contracts between Plaintiffs and Defendants, the circumstances under which commissions were earned, and the formula by which Plaintiffs were paid.  These claims would largely require similar discovery and proof and would be difficult to sever in the billing records.  These claims are, generally, sufficiently intertwined with Plaintiffs' claims that were ultimately successful – their overtime claims and minimum wage claims – that a further reduction is not needed to account for the dismissed claims.  "Indeed, this is not a case where Plaintiff brought wholly independent causes of action based upon unrelated statutes requiring altogether independent elements of proof that could be logically severed. Rather, the statutes involved and the factual predicates required for a *prima facie* case are so intertwined that attempting to separate them would border on being a futility."

*Cabrera v. Schafer*, 2017 WL 9512409, at *9 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017) (citing, *inter alia*, *Hensley v. Eckerhart*, 461 U.S. at 433) (finding overtime, lack of pay stubs, and spread of hours claims sufficiently interrelated); *see also Bond v. Welpak Corp.*, 2017 WL 4325819, at *6 (E.D.N.Y. Sept. 26, 2017) (finding overtime compensation, wage notice, and frequency of pay claims not readily severable because all involved a common core of facts); *Tran v. Tran*, 166 F. Supp.2d 793, 803 (S.D.N.Y. 2001) (finding claims all involved a common core of facts regarding employment, conditions of employment, hours worked, and wages); *cf. Sanchez v. Oceanside First Class Roofing, Inc.*, 818 Fed. Appx. 106, 108 (2d Cir. 2020) (summary order) (finding overtime claims not intertwined with wage notice claims simply because both claims required the plaintiffs to prove they were employees, because the overtime claims required proof as to what hours plaintiffs worked while the notice claims required only a showing that notice was not given).

However, the Court is persuaded that Plaintiffs' unjust enrichment claim is not intertwined with Plaintiffs' other claims and that time billed for that claim can be severed and the fees should be reduced accordingly. As Defendants assert in their opposition papers, Plaintiffs asserted a cause of action for unjust enrichment based on allegations that Defendants did not pay payroll taxes on Plaintiffs' wages. Carbo Aff. at ¶¶ 62-63 (citing Dkt. No. 1 at pp. 28-29). Plaintiffs voluntarily withdrew this claim after Defendants moved for summary judgment on the claim, after spending over forty hours researching the viability of the claim and discussing the motion. *Id.* (citing Dkt. Nos. 78,

80, & Ex. A-1 at p. 33). As such, time spent on this cause of action was discretely applicable to this claim.

### b. Fees Related to Unemployment Claims

Defendants point out that time is included in Plaintiffs' application that was billed for issues not related to this case, in particular regarding unemployment claims. Defendants note that Plaintiffs indicated an intention to remove these entries from their billable time and did remove many of them, but some remain in their submission. That time is not properly billable for this case.

### c. Travel

Defendants also note that travel should be billed at half of an attorney's billing rate and that on many occasions in counsel's submissions travel is billed at the full rate. *See Dotson v. City of Syracuse*, 2011 WL 817499, at *27 (N.D.N.Y. Mar. 2, 2011), *aff'd*, 549 Fed. Appx. 6 (2d Cir. 2013) ("Consistent with Northern District precedent, the Court will allow reimbursement for travel time but only at a one-half of counsel's hourly rate."); *Kadden v. VisuaLex, LLC*, 2012 WL 6097656, at *2 (S.D.N.Y. Dec. 6, 2012). Upon review, travel appears generally to be billed at fifty percent of the billable rate; however, there are instances of block billing that include both travel time and other work, where the entire figure is billed at the full hourly rate. *See, e.g.*, Dkt. No. 490-2 at pp. 20, 35. This is improper and warrants a reduction of the requested fee.

### d. Unnecessary and Redundant Billing

There are also instances of unnecessary or redundant hours billed in the submission. This includes items such as, as Defendants point out, over 180 hours

preparing errata sheets for the named and opt-in plaintiffs that substantially changed the deponents' sworn testimony.  Counsel devoted what appears to the Court to be an unreasonable period of time, equal to one attorney working for four and a half weeks, on errata sheets.  *See* Carbo Aff. at ¶¶ 30-33.  Defendants also note that Plaintiffs billed over 115 hours in July 2014 for document organization, and 101 hours on the present fee submission.  Dkt. No. 490-2 at pp. 26-27.  Without justification from Plaintiffs as to why this amount of time was necessary, this appears excessive.

### e. Block Billing

In addition, counsel's records contain frequent block billing, as well as vague entries.  *See* Dkt. No. 490-2, *generally*.  These entries "make it 'difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided.'"  *Bond v. Welpak Corp.*, 2017 WL 4325819, at *8.  "Here, where the billing records date back over a decade and many of the entries are opaque as to the substantive work being performed, it is not reasonable to scrutinize each individual entry in order to make particularized deductions."  *Reiseck v. Universal Commc'ns of Miami, Inc.*, 2014 WL 5374684, at *8 (S.D.N.Y. Sept. 5, 2014); *see also Bond v. Welpak Corp.*, 2017 WL 4325819, at *8 ("Where billing records include a large number of block-billed entries, an across-the-board reduction of hours is appropriate.").

### f. Conclusion as to the Reasonable Fee

For all of the above reasons, the Court finds it appropriate to reduce the attorney's fees sought by forty percent.  It bears specifically noting that Plaintiffs' fees are not being reduced simply because they are disproportionate to their recovery, although the Court

notes this fee request is out of line with even other cases that are disproportionate. *See Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d at 211 (collecting disproportionate cases); *Fisher v. SD Protection Inc.*, 948 F.3d at 604-605 (same). In sum, after accounting for the degree of success of Plaintiffs' claims, and other issues contained within the billing records submitted, the Court finds Plaintiffs are entitled to fees in the amount of $576,870.30.

## IV.  COSTS

Plaintiffs seek costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, 29 U.S.C. § 216, and New York Labor Law § 198. Those costs and expenses total $46,065.84. Dkt. No. 490-11.

Plaintiffs are entitled to recover costs pursuant to the FLSA and the NYLL. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). "[C]osts normally include[] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher v. SD Protection Inc.*, 948 F.3d at 600 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). Those costs must be "tied to identifiable, out-of-pocket disbursements." *Valdez v. H & S Rest. Operations, Inc.*, 2016 WL 3079028, at *9 (E.D.N.Y. Mar. 29, 2016) (internal quotation marks omitted) (citation omitted). Indeed, "[t]he fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Fisher v. SD Protection Inc.*, 948 F.3d at 604-05. Plaintiffs' counsel has submitted their bill of costs and a list of expenses and disbursements. Dkt. Nos. 490-10 & 490-11.

Initially, Defendants contend that Plaintiffs have sought taxable costs that were not included in their bill of costs and therefore cannot be awarded because they are untimely. Plaintiffs submitted a bill of costs within 30 days of the date of judgment, Dkt. No. 486, which contained a request for $2,052.84 in costs. In Plaintiffs' application for attorney's fees, they request a total of $46,065.84 in costs, and specify that $19,663.42 of those are taxable litigation costs. Dkt. No. 490-11; Dkt. No. 490-12 at p. 22. Defendants point out that Plaintiffs did not file a bill of costs for the other $17,610.58 in taxable costs, and do not provide receipts for any of these items. Dkt. No. 502, Defs.' Mem. of Law, p. 28. The Northern District's Local Rules provide that

> The party entitled to recover costs set forth in 28 U.S.C. § 1920 shall file, within thirty (30) days after entry of judgment, a verified bill of costs on the forms that the Clerk provides, together with an affidavit verifying that (1) the items claimed in the Bill of Costs are correct; (2) the costs have been necessarily incurred in the case; and (3) the services for which the fees have been charged were actually and necessarily performed, and a Certificate of Service. The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks.

N.D.N.Y. L.R. 54.1(a). Plaintiffs did not comply with the requirement to submit such costs within thirty days after entry of judgment, or to provide receipts. "Failure to file a bill of costs within the time provided for in this Rule shall constitute a waiver of the taxable costs." *Id.* at 54.1(c). The Court does have discretion to award such costs notwithstanding the Rule. *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 2020 WL 950283, at *3 (N.D.N.Y. Feb. 27, 2020) ("[T]his thirty-day time frame is not jurisdictional, and courts have discretion to ignore the prevailing party's failure to comply with the Local Rules.") (citation omitted) (cleaned up). However, Plaintiffs have not

provided any explanation for the delay in submitting these costs. As such, the Court finds that Plaintiffs' request for taxable costs should only be granted as to those costs for which they submitted a timely bill of costs. *See Grant v. Lockett*, 2019 WL 1872967, at *3-4 (N.D.N.Y. Apr. 26, 2019) (denying request for costs where plaintiffs failed to provide good cause to justify the delay in the request); *Gibson v. CSX Transportation, Inc.*, 2009 WL 10680308, at *1-2 (N.D.N.Y. June 9, 2009) (declining to exercise discretion to ignore failure to comply); *Castle v. Leach Co.*, 1998 WL 743716, at *1 (N.D.N.Y. Oct. 15, 1998). Plaintiffs are therefore awarded $2,052.84 of the taxable costs requested.[1]

Defendants also argue that Plaintiffs should not be awarded the non-taxable costs requested because a portion may have been incurred in connection with the class action and the collective action, and because their submissions contain insufficient documentation or details. The Court finds a further reduction on these bases to be appropriate.

First, Plaintiffs have submitted an itemized list of costs; however, Plaintiffs provide no delineation aside from providing a date, category, and cost, and do not provide any receipts. For example, there are over thirty items simply specified as "travel expenses" without any further explanation. *Gen. Motors Corp. v. Villa Marin Chevrolet, Inc.*, 240 F. Supp. 2d 182, 189 (E.D.N.Y. 2002) ("[T]he failure to itemize the reasons for the substantial travel expenditures must be held against the applicant."). Each category

---

[1] Even were the Court to exercise its discretion to award these taxable costs, Plaintiffs fail to provide any receipts or explanation for these items. For example, Plaintiffs submit an itemization of $8,527.15 in transcript costs, but aside from the receipt contained for $1,672.84 in their bill of costs, do not include any receipts for these transcripts. In addition, they do not explain what these transcripts related to or why they were necessarily obtained for use in the case. *See* Dkt. No. 490-11 at p. 13; Dun Aff. at ¶¶ 114-119.

of Plaintiffs' costs is similarly broken down without sufficient detail, explanation, or receipts. Plaintiffs simply assert that the costs were reasonable and necessary; there is absolutely no explanation as to why the substantial costs were incurred. It is the fee applicant's burden to demonstrate that the fees requested are reasonable, and without additional details or documentation it is impossible for the Court to determine the reasonableness of the costs. *See Mendez v. Radec Corp.*, 907 F. Supp.2d 353, 359-60 (W.D.N.Y. 2012) (plaintiffs provided a list of costs specifying the date, amount, and short description of the cost, but disallowing because "it is simply not possible for the court to determine whether many of the costs are reasonable, as the Plaintiffs have not provided information regarding why many of these costs were necessary or even chargeable to this case."); *Francois v. Mazer*, 2012 WL 3245439, at *2-3 (S.D.N.Y. Aug. 6, 2012) (finding costs requested were unjustifiable with only "an attorney's name, a date and a price").

In addition, further reduction is warranted to account for costs attributable to the collective action and the class action. *See Dotson v. City of Syracuse*, 2011 WL 817499, at *33; *Kim v. Dial Serv. Int'l, Inc.*, 1997 WL 458783, at *20 (S.D.N.Y. Aug. 11, 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998). Because insufficient details were submitted regarding the costs, there is no way to verify that the requested costs do not include costs attributable to the class or collective action.

Due to the insufficient nature of the submissions, the Court finds a reduction of fifty percent of the costs is warranted. *Jimico Enters., Inc. v. Lehigh Gas Corp.*, 2011 WL 4594141, at *13 (N.D.N.Y. Sept. 30, 2011) (reducing request for costs by twenty percent "instead of embarking on the tedious task of itemizing, and accepting or rejecting,

- 17 -

Plaintiffs' counsels' costs" after finding that counsel was not entitled to recover some costs); *Rotella v. Bd. Of Educ. of City of New York*, 2002 WL 59106, at *5 (E.D.N.Y. Jan. 17, 2002) (reducing plaintiffs' costs by fifty percent where plaintiffs' submissions were vague and did not include sufficient documentation).

Plaintiffs seek a total amount of costs of $46,065.84. After subtracting the untimely requested taxable costs, the costs are reduced to $28,455.26. After a further reduction of fifty percent, Plaintiffs are entitled to an award of costs in the amount of $14,227.63.

## V. POST-JUDGMENT INTEREST

Plaintiffs also seek post-judgment interest. Dkt. No. 490. Plaintiffs are awarded post-judgment interest, accruing from the date of judgment until the date on which Plaintiffs are paid by Defendants. Interest shall accrue at the rate of .18%. *See* 28 U.S.C. § 1961(a); https://www.federalreserve.gov/releases/h15/data.htm.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiffs' Motion for Attorney's fees (Dkt. No. 490) is granted in part and denied in part in that Plaintiffs are awarded a total of $576,870.30 in attorney's fees; and it is further

**ORDERED**, that Plaintiffs' Motion for Costs (Dkt. No. 486) is granted in part and denied in part in that Plaintiffs are awarded a total of $14,227.63 in costs; and it is further

**ORDERED**, that Plaintiffs' Motion for post-judgment interest is granted.

**SO ORDERED.**

Dated:   March 15, 2021
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge