**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAN P. HOLICK, JR., *et al.*,

                         Plaintiffs,

                                                         1:12-CV-584
                 v.                                         (DJS)

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                         Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

GLEASON, DUNN,                           RONALD G. DUNN, ESQ.
WALSH, & O'SHEA                          CHRISTOPHER M. SILVA, ESQ.
Attorneys for Plaintiffs
40 Beaver Street
Albany, New York 12207

CHAMBERLAIN HRDLICKA             CHARLES L. CARBO, III, ESQ.
Attorneys for Defendants                 JULIE R. OFFERMAN, ESQ.
1200 Smith Street, Suite 1400
Houston, Texas 77002

HINMAN STRAUB                             DAVID T. LUNTZ, ESQ.
Attorneys for Defendants
121 State Street
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

       This case, brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), came before the Court for a bench trial following an

extensive pretrial history. Plaintiffs Jan Holick, Steven Moffitt, Justin Moffitt, Gurwinder Singh, Jason Mack, William Burrell, and Timothy Pratt filed a collective and class action complaint against Cellular Sales of New York ("CSNY") and Cellular Sales of Knoxville, Inc. ("CSK") (collectively, "Cellular Sales"), asserting claims for alleged violations of FLSA and NYLL minimum wage and overtime requirements.

In February of 2014, the Court so ordered the parties' stipulation for conditional certification of a collective action. *See Holick et al. v. Cellular Sales of New York, LLC et al.*, Case No. 1:13-CV-738, Dkt. No. 83. In October of 2015, the Court approved the parties' stipulation to expand the collective, and forty-seven opt-in plaintiffs joined in the action. Case No. 1:12-CV-584, Dkt. Nos. 95 & 377-2. In October of 2018, Plaintiffs moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and Defendants moved to decertify the Court's conditional certification of the collective action. Dkt. Nos. 345 & 377. In April of 2019, the District Court denied Plaintiffs' motion for class certification and granted Defendants' motion for decertification, finding Plaintiffs failed to demonstrate that the issue of whether the putative class members were independent contractors or employees was not capable of resolution through class-wide proof. *See Holick v. Cellular Sales of New York, LLC*, 2019 WL 1877176 (N.D.N.Y. Apr. 26, 2019). The District Court thus dismissed the claims of the Opt-In Plaintiffs and ordered the action to proceed on behalf of the current Plaintiffs.

The parties then consented to the undersigned for purposes of trial. Dkt. No. 436. After trial, the Court found that the remaining Plaintiffs ("Named Plaintiffs") were employees of Defendants. Dkt. No. 483. Based upon a stipulation of the parties, the

Court determined the amount of compensatory damages that each Plaintiff would be entitled to.  *Id.*  As the prevailing party, Plaintiffs were also entitled to an award of reasonable attorney's fees pursuant to both the FLSA and NYLL.  N.Y. Lab. Law §§ 198 & 663(1); 29 U.S.C. § 216(b).  On March 15, 2021, this Court awarded fees and costs to Plaintiffs' counsel in the amount of $576,870.30 and $14,227.63, respectively.  Dkt. No. 506.

On June 26, 2020, Plaintiffs filed a Notice of Appeal from the Court's denial of class certification, decertification of the FLSA collective, and dismissal of the Plaintiffs' NYLL claims for untimely commission payments, to the Second Circuit Court of Appeals.  Dkt. Nos. 485 & 513-1 at p. 5.  On July 10, 2020, Defendants filed a notice of cross-appeal and conditionally cross-appealed the denial of Cellular Sales' Motion to Dismiss Plaintiffs' claims for alleged untimely commission payments, to the Second Circuit Court of Appeals.  Dkt. Nos. 488 & 513-1 at p. 5.  Finally, on April 14, 2021, Defendants filed a Notice of Appeal contesting the District Court's March 15, 2021, Memorandum and Decision regarding attorney's fees to the Second Circuit Court of Appeals.  Dkt. No. 507.

With the assistance of the Second Circuit mediation program, counsel were able to negotiate an agreement to resolve and settle the matters encompassed in the original appeal and cross-appeal.[1]  Dkt. No. 513-1 at p. 6. Pursuant to the agreed-to settlement, the parties would stipulate to certification of a collective action consisting of the Named

---

[1] The issue of this Court's attorney fee award is not covered by the proposed settlement and remains the subject of an active appeal.

Plaintiffs and Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b), for the purposes of settlement only. Dkt. No. 513-1, at p. 7. That settlement agreement provided for contribution and settlement of the alleged damages for all Named Plaintiffs as well as the Opt-in Plaintiffs; a reasonable recovery for Plaintiffs' and Opt-In Plaintiffs' claims for unpaid minimum wage and overtime; and a reasonable compromise for recovery for the claims currently under appeal. *Id.* at p. 7.

As a result of the negotiated settlement, the parties have returned to this Court and seek: (1) preliminary judicial approval of the terms and conditions of the parties' settlement agreement; (2) preliminary judicial approval of the Notice of Proposed Settlement; (3) judicial approval of the Notice of Final Settlement; (4) the scheduling of a fairness hearing; and (5) such other and further relief as is necessary to effectuate the settlement. *Id.* at pp. 7-8.

Although not specifically raised in the Motion papers presently before the Court, this Court questions its jurisdiction to grant a Motion for Certification and Proposed Settlement in a matter that is still presently pending before the Circuit Court of Appeals. Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, it appears that Federal Rule of Civil Procedure 62.1 permits district courts to issue an indicative ruling on pending motions that may involve or otherwise implicate issues under consideration on appeal. *In re Micro Focus Int'l plc. Sec. Litig.*, 2021 WL 5140646, at *2 (S.D.N.Y. Nov. 4, 2021). Under that Rule,

the district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a). "The district court may decide the motion if the court of appeals remands for that purpose." FED. R. CIV. P. 62.1(C).

Having reviewed the Motion papers, submitted on consent, this Court states that it would be inclined to grant the Motion for Approval of the Settlement Agreement if the Court of Appeals were to remand for that purpose. Plaintiffs' counsel is therefore directed to promptly notify the Circuit Clerk of the United States Court of Appeals for the Second Circuit of this Order. *See* FEDERAL R. OF APP. P. 12.1; *see also* FED. R. CIV. P. 62.1(b) ("The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue."). The Clerk of Court is respectfully directed to deliver a copy of this Order to the Circuit Clerk of the United States Court of Appeals for the Second Circuit.

**WHEREFORE**, it is hereby

**INDICATED,** that this Court would be inclined to grant the parties' joint motion for preliminary judicial approval of the proposed settlement agreement, which includes certification of a collective action consisting of the Named Plaintiffs and Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b), as well as allocation of the gross proceeds of the settlement; and it is further

**ORDERED**, that Plaintiffs' counsel is directed to promptly notify the Circuit Clerk of the United States Court of Appeals for the Second Circuit of this Order; and it is further

**ORDERED**, that the Clerk of Court is respectfully directed to deliver a copy of this Order to the Circuit Clerk of the United States Court of Appeals for the Second Circuit.

**SO ORDERED.**

Dated:   April 20, 2022
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge