**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAN P. HOLICK, JR., *et al.*,

                                        Plaintiffs,

                                                                1:12-CV-584
                        v.                                      (DJS)

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                                        Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

GLEASON, DUNN,                          RONALD G. DUNN, ESQ.
WALSH, & O'SHEA                         CHRISTOPHER M. SILVA, ESQ.
Attorneys for Plaintiffs
40 Beaver Street
Albany, New York 12207

CHAMBERLAIN HRDLICKA                    CHARLES L. CARBO, III, ESQ.
Attorneys for Defendants                JULIE R. OFFERMAN, ESQ.
1200 Smith Street, Suite 1400
Houston, Texas 77002

HINMAN STRAUB                           DAVID T. LUNTZ, ESQ.
Attorneys for Defendants
121 State Street
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

- 1 -

<u>**ORDER GRANTING PLAINTIFFS' MOTION FOR**</u>
<u>**PRELIMINARY APPROVAL OF SETTLEMENT**</u>

Presently pending is Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement in this action.  Dkt. No. 513.  Defendants do not oppose the Motion.  For the reasons set forth below, the Court grants preliminary approval of the proposed settlement.

## I. BACKGROUND AND PROCEDURAL HISTORY

This action was commenced alleging statutory and common law claims against Defendants regarding the alleged failure to provide proper compensation to Plaintiffs. The statutory claims are brought pursuant to the federal Fair Labor Standards Act ("FLSA") and New York Labor Law.  This action has an extensive and complicated procedural history, familiarity with which is assumed.  A brief recitation of that basic history was provided in this Court's most recent decision in this matter, which is excerpted at length below:

> Plaintiffs Jan Holick, Steven Moffitt, Justin Moffitt, Gurwinder Singh, Jason Mack, William Burrell, and Timothy Pratt filed a collective and class action complaint against Cellular Sales of New York ("CSNY") and Cellular Sales of Knoxville, Inc. ("CSK") (collectively, "Cellular Sales"), asserting claims for alleged violations of FLSA and NYLL minimum wage and overtime requirements.
>
> In February of 2014, the Court so ordered the parties' stipulation for conditional certification of a collective action. *See Holick et al. v. Cellular Sales of New York, LLC et al., Case No. 1:13-CV-738,* Dkt. No. 83. In October of 2015, the Court approved the parties' stipulation to expand the collective, and forty-seven opt-in plaintiffs joined in the action. Case No. 1:12-CV-584, Dkt. Nos. 95 & 377-2. In October of 2018, Plaintiffs moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and Defendants moved to decertify the Court's conditional certification of the collective action. Dkt. Nos. 345 & 377. In April of 2019, the District Court denied Plaintiffs' motion for class certification and granted Defendants' motion for decertification, finding Plaintiffs failed to demonstrate that the

issue of whether the putative class members were independent contractors or employees was not capable of resolution through class-wide proof. *See Holick v. Cellular Sales of New York, LLC*, 2019 WL 1877176 (N.D.N.Y. Apr. 26, 2019). The District Court thus dismissed the claims of the Opt-In Plaintiffs and ordered the action to proceed on behalf of the current Plaintiffs.

The parties then consented to the undersigned for purposes of trial. Dkt. No. 436. After trial, the Court found that the remaining Plaintiffs ("Named Plaintiffs") were employees of Defendants. Dkt. No. 483. Based upon a stipulation of the parties, the Court determined the amount of compensatory damages that each Plaintiff would be entitled to. *Id.* As the prevailing party, Plaintiffs were also entitled to an award of reasonable attorney's fees pursuant to both the FLSA and NYLL. N.Y. Lab. Law §§ 198 & 663(1); 29 U.S.C. § 216(b). On March 15, 2021, this Court awarded fees and costs to Plaintiffs' counsel in the amount of $576,870.30 and $14,227.63, respectively. Dkt. No. 506.

On June 26, 2020, Plaintiffs filed a Notice of Appeal from the Court's denial of class certification, decertification of the FLSA collective, and dismissal of the Plaintiffs' NYLL claims for untimely commission payments, to the Second Circuit Court of Appeals. Dkt. Nos. 485 & 513-1 at p. 5. On July 10, 2020, Defendants filed a notice of cross-appeal and conditionally cross-appealed the denial of Cellular Sales' Motion to Dismiss Plaintiffs' claims for alleged untimely commission payments, to the Second Circuit Court of Appeals. Dkt. Nos. 488 & 513-1 at p. 5. Finally, on April 14, 2021, Defendants filed a Notice of Appeal contesting the District Court's March 15, 2021, Memorandum and Decision regarding attorney's fees to the Second Circuit Court of Appeals. Dkt. No. 507.

With the assistance of the Second Circuit mediation program, counsel were able to negotiate an agreement to resolve and settle the matters encompassed in the original appeal and cross-appeal. Dkt. No. 513-1 at p. 6. Pursuant to the agreed-to settlement, the parties would stipulate to certification of a collective action consisting of the Named Plaintiffs and Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b), for the purposes of settlement only. Dkt. No. 513-1, at p. 7. That settlement agreement provided for contribution and settlement of the alleged damages for all Named Plaintiffs as well as the Opt-in Plaintiffs; a reasonable recovery for Plaintiffs' and Opt-In Plaintiffs' claims for unpaid minimum wage and overtime; and a reasonable compromise for recovery for the claims currently under appeal. *Id.* at p. 7.

*Holick v. Cellular Sales of New York, LLC*, 2022 WL 1525460, at *1-2 (N.D.N.Y. Apr. 20, 2022) (footnote omitted). Pursuant to Federal Rule of Civil Procedure 62.1, this Court issued an indicative ruling that it would likely approve the proposed settlement were the Second Circuit to remand the matter despite the pendency of an appeal. *Id.* at *2. Following a motion in the Second Circuit, the matter was remanded to this Court for consideration of the pending Motion. Dkt. No. 518.

## II. THE PROPOSED SETTLEMENT

The proposed settlement in this case involves a total payment by Defendants of $89,710.61. *See* Dkt. No. 513-3 at p. 2. It provides that the named Plaintiffs shall receive payment in the amount of the Judgment awarded following trial, plus an additional $2,000. Under the settlement each Opt-In Plaintiff will receive a payment of $1,575.35.[1]

## III. PRELIMINARY APPROVAL

"Approval of a proposed FLSA collective action settlement is a matter of discretion for the Court." *Summa v. Hofstra Univ.*, 2011 WL 13302502, at *2 (E.D.N.Y. Oct. 24, 2011) (citing cases). "Preliminary approval of a settlement agreement requires only an initial evaluation of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Torres v. Gristede's Operating Corp.*, 2010 WL 2572937, at *2 (S.D.N.Y. June 1, 2010) (internal quotation and citations omitted). "In exercising this discretion, courts should give 'proper deference to the private consensual decision of the parties.'" *Id.* (quoting *Clark v. Ecolab Inc.*, 2009

---

[1] The settlement does not provide any amount for attorneys' fees, an issue that remains the subject of an appeal to the Second Circuit.

WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009)).  Preliminary approval is the first step in the settlement process. It allows notice to be provided and affords interested parties the opportunity to comment on or object to the settlement.  *Willix v. Healthfirst, Inc.*, 2010 WL 5509089, at *2 (E.D.N.Y. Nov. 29, 2010).  Following notice, the Court can hold a hearing, receive input on the proposed settlement, and make a final judgment as to the propriety and fairness of the settlement.  *Id.*

"The trial judge knows the litigants and the strengths and weaknesses of their contentions and is in the best position to evaluate whether the settlement constitutes a reasonable compromise." *Handschu v. Special Servs. Division,* 787 F.2d 828, 833 (2d Cir.1986). Being fully aware of the facts of this case and having presided over the trial in this matter, the Court finds that preliminary approval of the proposed settlement is appropriate.  The settlement appears to be the product of diligent efforts on the part of "counsel well versed in the prosecution and defense of wage and hour class and collective actions." *See Willix v. Healthfirst, Inc.*, 2010 WL 5509089, at *3.   The proposed settlement appears to be a reasonable resolution of this case and nothing in the record at this point gives the Court any reason to doubt the appropriateness of the proposed resolution.  Accordingly, Plaintiff's Motion for preliminary approval is granted.

## IV. DISSEMINATION OF NOTICE

Plaintiff also seeks approval of a notice of settlement.  Dkt. No. 513.  A copy of the proposed notice has been provided to the Court.  Dkt. No. 513-3. "Although the FLSA does not provide for notice of the collective action, it is well-settled that courts have the discretion to authorize such notice." *Tate v. WJL Equities Corp.*, 2014 WL 2504507, at

*3 (S.D.N.Y. June 3, 2014) (internal quotation and alteration omitted).  The Court has considered the proposed notice and finds that it fairly and reasonably provides notice to the named and opt-in Plaintiffs of the terms of the settlement and their rights as a member of the proposed collective.   It also fairly apprises them of their right to attend a fairness hearing.  *See Summa v. Hofstra Univ.*, 2011 WL 13302502, at *3; *Willix v. Healthfirst, Inc.*, 2010 WL 5509089, at *3.

## V. SETTLEMENT PROCEDURE

A fairness hearing is scheduled in this matter for September 12, 2022 at 10 a.m. in Courtroom 2 at the James T. Foley Courthouse in Albany, New York.  Within fifteen (15) days of the date of this Order, Plaintiffs' counsel shall provide notice to all parties, including the named and opt-in Plaintiffs in the form set forth in Dkt. No. 513-3.  That notice shall include notice of the time, date, and location of the fairness hearing. Plaintiffs' counsel shall provide to the Court, at least five (5) business days prior to the fairness hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the notice of settlement.

Class members will have thirty (30) days from the date the notices are mailed to submit any objection to the settlement to Plaintiffs' counsel.

**IT IS SO ORDERED.**

Dated:   July 25, 2022
           Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

- 6 -