**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAN P. HOLICK, JR., *et al.*,

                Plaintiffs,

                                          1:12-CV-584
v.                                        (DJS)

CELLULAR SALES OF NEW YORK, LLC, and
CELLULAR SALES OF KNOXVILLE, INC.,

                Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

GLEASON, DUNN,                  RONALD G. DUNN, ESQ.
WALSH, & O'SHEA                CHRISTOPHER M. SILVA, ESQ.
Attorneys for Plaintiffs
40 Beaver Street
Albany, New York 12207

CHAMBERLAIN HRDLICKA          CHARLES L. CARBO, III, ESQ.
Attorneys for Defendants              JULIE R. OFFERMAN, ESQ.
1200 Smith Street, Suite 1400
Houston, Texas 77002

HINMAN STRAUB                    DAVID T. LUNTZ, ESQ.
Attorneys for Defendants
121 State Street
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER GRANTING PLAINTIFFS' MOTION FOR
## FINAL APPROVAL OF CLASS SETTLEMENT

Presently pending is Plaintiffs' Motion for Final Approval of the Settlement Agreement in this action. Dkt. No. 513. Defendants do not oppose the Motion. For the reasons set forth below, the Court grants the Plaintiffs' Motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

This action was commenced alleging statutory and common law claims against Defendants regarding the alleged failure to provide proper compensation to Plaintiffs. The statutory claims are brought pursuant to the federal Fair Labor Standards Act ("FLSA") and New York Labor Law. This action has an extensive and complicated procedural history, familiarity with which is assumed.

Plaintiffs Jan Holick, Steven Moffitt, Justin Moffitt, Gurwinder Singh, Jason Mack, William Burrell, and Timothy Pratt filed a collective and class action complaint against Cellular Sales of New York ("CSNY") and Cellular Sales of Knoxville, Inc. ("CSK") (collectively, "Cellular Sales"), asserting claims for alleged violations of FLSA and NYLL minimum wage and overtime requirements.

In February of 2014, the Court so ordered the parties' stipulation for conditional certification of a collective action. *See Holick et al. v. Cellular Sales of New York, LLC et al.,* No. 1:13-CV-738, Dkt. No. 83. In October of 2015, the Court approved the parties' stipulation to expand the collective, and forty-seven opt-in plaintiffs joined in the action. No. 1:12-CV-584, Dkt. Nos. 95 & 377-2. In October of 2018, Plaintiffs moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and Defendants

moved to decertify the Court's conditional certification of the collective action. Dkt. Nos. 345 & 377.  In April of 2019, the District Court denied Plaintiffs' motion for class certification and granted Defendants' motion for decertification, finding Plaintiffs failed to demonstrate that the issue of whether the putative class members were independent contractors or employees was not capable of resolution through class-wide proof.  *See Holick v. Cellular Sales of New York, LLC*, 2019 WL 1877176 (N.D.N.Y. Apr. 26, 2019). The District Court thus dismissed the claims of the Opt-In Plaintiffs and ordered the action to proceed on behalf of the current Plaintiffs.

The parties then consented to the undersigned for purposes of trial. Dkt. No. 436. After trial, the Court found that the remaining Plaintiffs ("Named Plaintiffs") were employees of Defendants. Dkt. No. 483.  Based upon a stipulation of the parties, the Court determined the amount of compensatory damages to which each Plaintiff would be entitled. *Id.* As the prevailing party, Plaintiffs were also entitled to an award of reasonable attorney's fees pursuant to both the FLSA and NYLL. N.Y. Lab. Law §§ 198 & 663(1); 29 U.S.C. § 216(b). On March 15, 2021, this Court awarded fees and costs to Plaintiffs' counsel in the amount of $576,870.30 and $14,227.63, respectively. Dkt. No. 506.

On June 26, 2020, Plaintiffs filed a Notice of Appeal from the Court's denial of class certification, decertification of the FLSA collective, and dismissal of the Plaintiffs' NYLL claims for untimely commission payments.  Dkt. Nos. 485 & 513-1 at p. 5.  On July 10, 2020, Defendants filed a notice of cross-appeal and conditionally cross-appealed the denial of Cellular Sales' Motion to Dismiss Plaintiffs' claims for alleged untimely commission payments.  Dkt. Nos. 488 & 513-1 at p. 5. Finally, on April 14, 2021,

- 3 -

Defendants filed a Notice of Appeal contesting the District Court's March 15, 2021, Memorandum-Decision and Order regarding attorneys' fees. Dkt. No. 507.

With the assistance of the Second Circuit mediation program, counsel were able to negotiate an agreement to resolve and settle the matters encompassed in the original appeal and cross-appeal. Dkt. No. 513-1 at p. 6. Pursuant to the agreed-to settlement, the parties would stipulate to certification of a collective action consisting of the Named Plaintiffs and Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b), for the purposes of settlement only. Dkt. No. 513-1 at p. 7. That settlement agreement provided for contribution and settlement of the alleged damages for all Named Plaintiffs as well as the Opt-in Plaintiffs, a reasonable recovery for Plaintiffs' and Opt-In Plaintiffs' claims for unpaid minimum wage and overtime. and a reasonable compromise for recovery for the claims currently under appeal. *Id.* at p. 7.

Pursuant to Federal Rule of Civil Procedure 62.1, this Court issued an indicative ruling that it would likely approve the proposed settlement were the Second Circuit to remand the matter despite the pendency of an appeal. *Holick v. Cellular Sales of New York, LLC*, 2022 WL 1525460, at *1-2 (N.D.N.Y. Apr. 20, 2022). Following a motion in the Second Circuit, the matter was remanded to this Court for consideration of the pending Motion. Dkt. No. 518. Defendants' fee award appeal was thereafter resolved by the Second Circuit in a separate decision, which affirmed this Court's holding. Dkt. No. 526.

On July 15, 2022, the Court preliminarily approved the parties' proposed settlement and authorized the issuance of a notice of settlement of the collective action. Dkt. No. 519. The Court set the matter down for a fairness hearing on September 12,

2022, at the James T. Foley Courthouse in Albany New York. *Id*. The named and opt-in Plaintiffs were afforded 30 days to submit any objection to the proposed settlement. *Id*. Prior to the scheduled hearing, Plaintiffs' counsel filed affidavits of mailing and certificates of service on the affected parties. Dkt. Nos. 520, 521, 522, 523, & 525. The fairness hearing was held, as scheduled, on September 12, 2022, at which time the Court heard from counsel regarding the terms of the settlement agreement, as well as the substantive fairness of the settlement to the parties, and specifically discussed with counsel the factors relevant to settlement approval. At the time of the hearing, no individual spoke out against the proposed final settlement, nor has the Court or counsel received any written objections to the settlement.

## II. THE PROPOSED SETTLEMENT

The proposed settlement in this case involves a total payment by Defendants of $89,710.61. *See* Dkt. No. 513-3 at p. 2. It provides that the named Plaintiffs shall receive payment in the amount of the Judgment awarded following trial, plus an additional $2,000. Under the settlement each of the 41 Opt-In Plaintiffs will receive a payment of $1,575.35.[1]

## III. FINAL APPROVAL OF THE FLSA SETTLEMENT

Having considered the Motion for Final Approval, the supporting declarations, the arguments presented at the fairness hearing, and the complete record in this matter, and

---

[1] The settlement does not provide any amount for attorneys' fees, as that issue that was resolved by a recent decision of the Second Circuit Court of Appeals. *Holick v. Cellular Sales of New York, LLC*, ___ F.4th ___, 2022 WL 4088001 (2d Cir. Sept. 7, 2022). No additional fees or costs are sought by any side in connection with this settlement agreement. *See* Dkt. No. 513-2.

for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement.  *See* Dkt. No. 513-2.

Regarding procedural fairness, it is clear from the history of the case that the parties reached this settlement only after engaging in thorough investigation and discovery, as well as a bench trial, which allowed each side to assess the potential risks of continued litigation, and after robust settlement discussions, including several discussions via telephone, email and in-person. The settlement was reached as a result of arm's length negotiations between experienced, capable counsel after the meaningful exchange of information and discovery, and with the critical assistance of the Second Circuit mediator.

Courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) to assess the substantive fairness of a FLSA settlement.  *See Emeterio v. A&P Rest. Corp.*, 2022 WL 274007, at *8 (S.D.N.Y. Jan. 26, 2022).   This is because "the standard for approval of an FLSA settlement is lower than for a Rule 23 settlement," and so satisfaction of the *Grinnell* factor analysis will, necessarily, satisfy the standards for approval of the FLSA settlement. *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012).  The *Grinnell* factors are:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of

the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.,* 495 F.2d at 463 (internal citations omitted). In this case, most of the *Grinnell* factors weigh in favor of granting final approval of the Settlement Agreement.

While a bench trial has already occurred in this case, a successful appeal could necessitate a second class action trial which would be complex, expensive, and long. Accordingly, the first factor weighs in favor of approval.

Next, the response of the Plaintiffs and opt-in Plaintiffs to the settlement has been positive. There have been no objections to the settlement that have been registered at this time. "The fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness. *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) (approving settlement where 13 out of 3,500 class members objected and 3 opted out); *see also Willix v. Healthfirst Inc.*, 2011 WL 754862, at *4-5 (E.D.N.Y. Feb. 18, 2011) (approving settlement where 7 of 2,025 class member submitted timely objections and 2 requested exclusion). Thus, this factor weighs strongly in favor of approval.

The third factor delves into whether, considering the status of the case, counsel has "an adequate appreciation of the merits of the case." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004). Based upon the Court's observations and its understanding of the litigation activities in this matter, the Court would be hard-pressed to find counsel who are more competent or who have a better appreciation of the merits of the claims and defenses in this case.

Next, as the Court has already held a bench trial on this case, the risk of establishing liability and damage may not be a significant hurdle. Nevertheless, litigation always involves inherent risks, and the settlement proposed here will alleviate any uncertainty and provide final closure in this long-running battle.

Defendants' ability to pay is not a substantial factor in the decision.

Finally, the dispute in this case primarily involved the classification of workers, and the actual damage calculation for the named Plaintiffs was known and stipulated to at trial. This proposed settlement agreement goes further and provides additional compensation for individuals (the Opt-In Plaintiffs) who had been left out of the previous trial. The Court's analysis of the eighth and ninth factors, therefore, weighs in favor of final approval of the settlement.

## IV.  DISSEMINATION OF NOTICE

Pursuant to the Preliminary Approval Order, notice was sent by first-class mail to each identified Plaintiff or Opt-In Plaintiff at his or her last known address.   The Court finds that the mailed notice fairly and adequately advised the named Plaintiffs and Opt-In Plaintiffs of the terms of the settlement, as well as their right to object to the settlement, and to appear at the fairness hearing conducted on September 12, 2022.  The Court further finds that the notice and distribution of it comported with all constitutional requirements, including those mandated by due process.

## V. CONCLUSION AND DISMISSAL

The Court, therefore, approves the terms and conditions of the Settlement Agreement.  The parties shall proceed with the administration of the settlement in

accordance with the terms of the Settlement Agreement. The case is dismissed on the merits and with prejudice. The Court approves and incorporates herein by reference the releases and waivers set forth in the Settlement Agreement. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state law or rules, (b) that any party has prevailed in this case, or (c) that the Defendants or others have engaged in any wrongdoing.

Without affecting the finality of this Final Order, the Court will retain jurisdiction over the case following the entry of the dismissal with prejudice of this action to enforce the Settlement Agreement until 30 days after the end of the time for class members to cash their settlement check has expired, as defined in the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

Dated: October 5, 2022
    Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge